**In re KENTUCKY MFG. CO.**

No. 13543.

District Court, W. D. Kentucky.

Feb. 5, 1941.

D. A. Sachs, Jr., of Louisville, Ky., for trustee.

Henry J. Stites, of Louisville, Ky., for petitioner.

MILLER, District Judge.

R. V. Board, a creditor of the bankrupt, petitions for a review of the Referee's order of November 26, 1940, sustaining the trustee's objections to claims Nos. 76, 77, 78 and 79 filed by Board, and disallowing said claims.

The debtor's petition was filed on December 14, 1939, under the provisions of Chapter XI, Section 322 of the Bankruptcy Act, Title 11 U.S.C.A. § 722, dealing with arrangements. The proposed arrangement was not approved and the debtor was adjudicated a bankrupt on February 21, 1940, and the matter referred to the Referee for further proceedings. The first meeting of creditors was held pursuant to notice on March 4, 1940. The claimant, R. V. Board, filed his claims on June 17, 1940. The trustee objected to the allowance of said claims because they were not filed within three months after the date set for the first meeting of creditors, which objection was sustained.

Section 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, upon which the Referee based his ruling for rejecting the claims, provides: "Upon the entry of an order under the provisions of this chapter directing that bankruptcy be proceeded with, only such claims as are provable under section 63 [103] of this Act [title] shall be allowed and, except as provided in section 354 [754] of this Act [title], claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to Section 55 [91] of this Act [title], or, if such date has previously been set, then within three months after the mailing of notice to creditors of the entry of the order directing that bankruptcy be proceeded with."

The Referee ruled that this was, in effect a statute of limitations on the filing of claims, and that no claim could properly be filed and allowed after three months following the date of the first meeting of creditors, and that this was so, even though the six months allowed for filing of claims by Section 57, sub. n of the Bankruptcy Act, Title 11, U.S.C.A. § 93, sub. n had not expired. Section 57, sub. n of the Bankruptcy Act provides that "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed." Section 57 deals with estates in ordinary bankruptcy proceedings, while Section 355 deals

with proceedings filed for the purposes of arrangements or compositions. In the present case the claims were filed after three months but within six months after the date set for the first meeting of creditors.

The petitioner contends that six months after the first meeting of creditors should be allowed for filing of claims in the present case, because in fairness to all concerned a proceeding under Chapter XI which results in liquidation should be on the same basis as one initiated for the purpose of immediate liquidation, in that they are conducted in the same manner after adjudication in each case. See Section 378, sub. 2 of the Bankruptcy Act, Title 11, U.S.C.A. § 777, sub. 2. He further contends that if the Referee's ruling is adopted, it would be possible, and probably become the practice, for every proceeding in bankruptcy to be filed under Chapter XI with a resulting adjudication in a short period of time, and thereby cut the time for filing of claims from six months to three months.

■ These contentions have some merit when considered as abstract propositions and could properly be urged upon Congress if the Bankruptcy Act is to be revised or amended. In the present case, however, they are contrary to the express provisions of the Statute. There is no ambiguity in the wording of Section 355. It specifically applies to proceedings instituted under Chapter XI in which the debtor has subsequently become adjudicated, and expressly provides for a period of three months for filing of claims. The reason for allowing only three months in such a case instead of the usual six months is apparent. Arrangement proceedings will in most cases proceed for more than three months before failing, and the additional three months allowed after adjudication will bring the termination of the case more in line with the six months' provision in ordinary bankruptcy cases, and prevent unusual delay in final liquidation after the proceedings were instituted. This principle is further emphasized by the provisions of Section 354 of the Bankruptcy Act, 11 U.S.C.A. § 754, which gives no additional time for the filing of claims if the six months period in a pending bankruptcy proceeding has expired before the filing of a petition under Chapter XI in such bankruptcy proceeding. The possibility that the provisions of the Act may be abused, as contended by counsel, is also something that addresses itself to Congress rather than to the Court. We find no authority in the Act which would permit the Referee or the Court to disregard the specific wording of the statute and extend the time for filing claims from three months to six months, as contended for by the petitioner. The Circuit Court of Appeals for the Second Circuit has just recently ruled to the same effect. See Hi-Flier Mfg. Co. v. Haberman, 115 F.2d 918.

■ The evidence also shows that a representative of the petitioner tendered the claims to the trustee during the first part of May, 1940, but the trustee declined to accept them. This is not a delivery of the claims to the trustee so as to bring the case within the ruling of J. B. Orcutt Co. v. Green, 204 U.S. 96, 27 S.Ct. 195, 51 L. Ed. 390. In that case the proof of claim was actually delivered to the trustee, retained by the trustee, and later delivered by the trustee to the Referee. See also Tarbell v. Crex Carpet Co., 8 Cir., 90 F.2d 683; In re Killanna Realty & Construction Co., 2 Cir., 68 F.2d 718.

The petition to review is dismissed, and the Referee's order of November 26, 1940, is approved.