In the Matter of AMERICAN BEEF PACKERS, INC., Debtor.

No. BK 75-0-17.

United States District Court, D. Nebraska.

March 31, 1977.

---

2. *Berry v. State,* 10 Ga. 511, 527 (1851).

3. *Larrison v. U. S.,* 24 F.2d 82, 87 (7th Cir. 1928).

Robert F. Craig, Omaha, Neb., for appellant Inolex Corp.

Warren R. Whitted, Jr., Omaha, Neb., for appellee American Beef.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the Appeal of Inolex Corporation from the Bankruptcy Court's denial of appellant's Application for Leave to File a Claim in the American Beef Packers (hereinafter referred to as ABP) bankruptcy proceeding.

The issue presented is whether a written correspondence from a creditor to the representatives of the trustee is sufficient to constitute the filing of a claim in the bankruptcy proceeding.

### I.

ABP filed its petition under Chapter XI of the Bankruptcy Act on January 1, 1975. On October 23, 1975, Inolex, through its general counsel, Christopher Middleton, sent a letter to William J. Riley, one of the attorneys for the debtor in possession, informing ABP of an overpayment by Inolex in the amount of $5,627.38. The letter states that certain amounts have been credited against the overpayment, and "[a]ccordingly, American Beef is in receipt of Three Thousand Two Hundred Fifty-seven Dollars ($3,257.00) which represents an overpayment by Inolex for materials not received." On December 4, 1975, Riley responded to the Inolex letter with an offer of compromise. In addition, the letter advised Inolex that it should file its proof of claim:

1. Courts have divided on the question of whether a bankruptcy judge may, in the exercise of its equitable powers, allow a late filing of proof of claim or amendments. Compare *In re Arnco Auto Supply Co., supra,* with *Pepper v. Litton,* 308 U.S. 295, 305 n. 11, 60 S.Ct. 238, 84 L.Ed. 281 (1939) and *Williams v. Rice,* 30 F.2d 814 (5th Cir. 1929). This question is now settled by Rule 11–33(b)(2), effective July 1,

Under the plan of arrangement which we expect to be confirmed on December 15, 1975, Inolex would be entitled to 50% of its claim, in other words $2,812.69. I might point out that Inolex should file a proof of claim as soon as possible to avoid having its claim discharged.

At the conclusion of the letter, the attorney again advised Inolex as follows: "Please reply as quickly as possible, and I again caution you that the plan is expected to be confirmed on December 15, 1975."

### II.

Section 355 of the Bankruptcy Act, 11 U.S.C. § 755a, provides in pertinent part as follows:

Creditors . . . shall file their proofs of claim before confirmation except as follows:

(1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules;

. . . . .

Section 355 suggests a statute of limitations and it has been held that the Bankruptcy Court is without power to override it. *In re Arnco Auto Supply Co.,* 306 F.Supp. 328, 329 (D.Mass.1969); *L. O. Koven & Brother, Inc. v. Local Union No. 5767, United Steelworkers of America, AFL–CIO,* 250 F.Supp. 810, 816 (D.N.J.1966).[1] Therefore, unless the delivery of the letter of October 23, 1975, constitute a filing of proof of claim, the Bankruptcy Judge's decision must be affirmed.

Section 57(c) of the Bankruptcy Act, 11 U.S.C. § 93(c), provides that "[p]roofs of claim may, for the purpose of allowance, be filed by the claimants in the court of bank-

1974, which requires that a claim including an amendment thereof, must be filed before confirmation of the plan, subject to one exception for undisputed, not contingent and liquidated claims scheduled by the debtor. The Advisory Committee's note expressly states that the rule "clears up an ambiguity not answered by the statute respecting the status of amendments to proofs of claim."

ruptcy where the proceedings are pending or before the referee if the case has been referred." General Order in Bankruptcy 21(1), in effect prior to the present Bankruptcy Rules, provided in relevant part: "Proofs of debt received by any trustee shall be delivered to the referee to whom the case is referred." The Supreme Court construed this order in *J. B. Orcutt Co. v. Green,* 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390 (1907) and held as follows:

> The law provides, sub-section c of section 57, that the claims, after being proved, may, for the purpose of allowance, be filed by the claimants in the court where the proceedings are pending, or before the referee, if the case has been referred; but that does not prohibit their being filed somewhere else prior to their allowance, and the Order in Bankruptcy in substance provides that they may be filed, after being proved, with the trustee. Such order is equivalent to saying that proofs of debt (or claim) may be received by the trustee. When they are so received by him, they are in legal effect received by the court, whose officer the trustee is. Having been received by the trustee, under authority of law, the proofs of debt are thereby sufficiently filed so far as the creditors are concerned, and it is the duty of the trustee to deliver them to the referee. If the trustee inadvertently neglects to perform that duty it is the neglect of an officer of the court, and the creditors are in no way responsible therefor. *Id.* at 102, 27 S.Ct. at 197.

*See also In Re Gibraltor Amusements Ltd.,* 315 F.2d 210 (2nd Cir. 1963).

Rule 302(b) of the Bankruptcy Rules, applicable to Chapter XI proceedings pursuant to Rule 11–33(b)(1), provides that "[a] proof of claim shall be filed in the place prescribed by Rule 509." Rule 509(a) requires that proofs of claim "be filed with the referee unless otherwise directed by local rule or by order of the judge." Rule 509(c), relied upon by appellant, provides for misdelivered filings.

> A paper intended to be filed but erroneously delivered to the trustee or receiver, or the attorney for either of them, or to the district judge, referee, or clerk of the district court, shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the proper person. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

The Advisory Committee's note to the above subdivision states as follows:

> By subdivision (c), when a paper to be filed is misdelivered to one of a number of persons connected with a bankruptcy case or the bankruptcy court, the recipient is charged with the duty of transmitting the paper to the proper person. If not contrary to the interest of justice the erroneous delivery may be deemed by the court to be the equivalent of a proper filing. This subdivision is new, but it is an extension of the rule of practice prescribed in the last sentence of General Order 21(1) respecting proofs of claim delivered to the trustee.

The Court therefore concludes that the Supreme Court's decision in *J. B. Orcutt Company v. Green, supra,* based on General Order 21, is, under present Rules of Bankruptcy, applicable only in a situation of erroneous delivery.

In this case, it cannot be contended that the letter of October 23, 1975, was intended to be a proof of claim for filing in the Bankruptcy Court. The correspondence reflects no intent by the creditor that it be accepted as a proof of claim. Rather, the letter evidences a series of communications between counsel in an attempt to settle a claim. The letter was not a misdelivered proof of claim within the meaning of Rule 509(c) and the Bankruptcy Judge was without power to allow the filing of the proof of claim by Inolex, at least in the absence of fraud or injustice.[2]

---

2. Inolex would not have been justified in considering its claim filed, in light of the admonishment by ABP's counsel.

■ Even assuming *arguendo* that the rule in *Orcutt* has not been altered by the abrogation of General Order 21 and the promulgation of Rule 509(c) and that the correspondence meets the liberal requirements of a proof of claim, the *Orcutt* rule has been held inapplicable when the trustee does not intend to accept the informal filing and communicates this to the creditor.[3] The court held in *In re Kentucky Mfg. Co.*, 36 F.Supp. 641, 642 (W.D.Ky.1941), as follows:

> The evidence also shows that a representative of the petitioner tendered the claims to the trustee during the first part of May, 1940, but the trustee declined to accept them. This is not a delivery of the claims to the trustee so as to bring the case within the ruling of *J. B. Orcutt Co. v. Green*, 204 U.S. 96, 27 S.Ct. 195, 51 L.Ed. 390. In that case the proof of claim was actually delivered to the trustee, retained by the trustee, and later delivered by the trustee to the Referee.

Accordingly, the order of the Bankruptcy Court dated September 2, 1976 [Filing # 3169] is affirmed.

---

**3.** "[D]elivery to the trustee as an officer of the court is filing in court, so long as the trustee accepts such delivery." (Footnotes omitted). 3 *Collier on Bankruptcy*, § 57.10, pp. 190–192.