**In re EVANSTON MOTOR CO., INC., d/b/a Evanston Toyota and d/b/a Evanston Dodge, Debtors.**

**Bankruptcy No. 80 B 3500.**

United States Bankruptcy Court, N. D. Illinois, E. D.

June 3, 1982.

Nicholas Dozoryst, II, Chicago, Ill., for movant.

Maurice Levine, Chicago, Ill., for respondent.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause comes to be heard on the First National Bank of Lincolnwood's (hereinafter FNBL) motion to amend proof of claim. The trustee in this case, Maurice Levine, has objected to any amendment alleging that movant failed to file a timely proof of claim in the first instance. The facts are not in dispute and are set forth below.

### I

### FACTS

On March 25, 1980 the debtor filed a voluntary application for relief under Chapter 11 of the Bankruptcy Code. On July 16 of that year Mr. Levine was appointed trustee and began settlement negotiations with the various creditors in this case. The movants, FNBL, mailed the following letter to Mr. Levine as trustee on August 18, 1980:

"August 18, 1980

Mr. Maurice Levine
33 North Dearborn Street
Chicago, Illinois 60602

> Re: Evanston Motor Company, Inc.
> d/b/a Evanston Toyota, d/b/a
> Evanston Dodge
> Case number: 80 B 03500

Dear Mr. Levine:

Please be advised that we represent the First National Bank of Lincolnwood. We are enclosing, for your ready reference, photocopy of the note in the sum of $200,000.00, dated January 5, 1979, showing a principal balance of $140,000.06, photocopy of assignment of beneficial interest in Chicago Title and Trust Company, trust number 1073974, covering the property at 9525 Hamlin, Skokie, Illinois, assignment of beneficial interest in Chicago Title and Trust Company, trust number 1073975, covering the property at 1131–35 Chicago Avenue, Evanston, Illinois.

If any further information is required, please advise the undersigned.

> Yours very truly,
> ZAIDENBERG, HOFFMAN &
> SCHOENFELD
> HARRY ZAIDENBERG"

HZ/sf
enclosures

The letter was accompanied by copies of the promissory note and assignments. Subsequently, the debtor amended its schedule A–3 to include FNBL as an unsecured creditor with a claim of $153,333.38.

This case was converted from a Chapter 11 reorganization to a Chapter 7 liquidation on November 6, 1980. Mr. Levine continued as trustee and filed an adversary complaint against movant, FNBL, on December 30, 1980 alleging *inter alia* preferential payments by the debtor to FNBL on the promissory note of the debtor. Thereafter, FNBL moved to amend its proof of claim and the trustee objected to any amendment.

## II

## DISCUSSION

Two issues are raised by trustee's objection to FNBL's motion to amend. First, whether movant's letter of August 18, 1980 constitutes a "proof of claim". Second, whether such a claim has been "filed" within the dictates of Rules 302 and 509 of the Federal Rules of Bankruptcy Procedure.

■ A creditor must file a proof of claim within 6 months after the first date set for the first meeting of creditors. Fed.R.Bankruptcy P. 302(e). The sixth month filing period limitation is mandatory and may not be extended by this court. Fed.R.Bankruptcy P. 906(b). *See In re Ebeling,* 123 F. 2d 520, 521 (7th Cir. 1941); *Matter of Paul R. Dean Co., Inc.,* 460 F.Supp. 447 (W.D. N.Y.1978) (both cases interpret the filing period as inexorable under the Bankruptcy Act of 1898). See also *In the Matter of Brown,* 14 B.R. 233 (Bkrtcy., N.D.Ill., 1981) (interpreting Rule 13–302(e)(2) setting time limit for filing proofs of claim in a Chapter 13 proceeding under the Bankruptcy Code as nondiscretionary).

Movant has not alleged any written correspondence between itself and either the trustee or this court within the statutory period other than the letter reproduced *supra.* The issue of whether movant's letter is a proof of claim capable of amendment is resolved upon the reasonable interpretation of the letter's message.

■ The trustee argues that movant's letter is reasonably interpreted as being merely informative and not indicative of any intention to hold the estate liable for the amount remaining on the note. This court finds such an interpretation is not consistent with the actions and representations of the parties. The movant's debt, as scheduled by the trustee, represents more than 50% of the total scheduled unsecured debts. The suggested exclusion of FNBL's claim from the scheduled debts under consideration by the trustee would seemingly have favored a workout rather than a liquidation in this court's opinion. Further, both the trustee and the movant participated in negotiations to sell the debtor's franchise to a third party. If the trustee had not believed that the movant intended to hold the estate liable upon receipt of the

letter, discussions between him and the movant regarding the proposed sales would have been meaningless.

Despite the abhorrence equity courts have of a forfeiture, the trustee urges a strict construction of the term "claim" citing as precedent several decisions. This court finds no case cited by trustee which compels it to disallow the movant's letter as an amendable proof of claim. The letter was brought to the attention of, and accepted by, an officer of this court and speaks for itself, however inartistically, as a claim against the estate.

The letter was sent in response to the trustee's inquiry as to the amount of any indebtedness of the debtor to FNBL and what collateral, if any, secured the debt. In response movant's letter sets forth the amount of the principal balance due on the note and assignments of beneficial interests in property, presumably representing some security on the note. The letter further indicates that the firm of Zaidenberg, Hoffman and Schoenfeld was then representing FNBL with respect to the proceedings in bankruptcy. The letter directed all further inquiries to the law firm.

■ The purpose of requiring proofs of claim is to finalize, in advance of distribution, the amount of debts to be satisfied by the estate. It allows the parties to determine whether a workable reorganization can be proposed and if not, what percentage of satisfaction of claims the creditors can expect. The initial form of this notice to a debtor is flexible, and Bankruptcy Courts, as courts of equity, have been liberal in permitting amendments to previously filed proofs of claim, to conform them more closely to official form No. 15. *See In re Gibraltor Amusements, Ltd.*, 315 F.2d 210 (2d Cir. 1963); *In re Lipman*, 65 F.2d 366 (2d Cir. 1933); *In re Kessler*, 184 F. 51 (2d Cir. 1910). The essence of a proof of claim is merely evidence of the existence, nature and amount of debt due and owing to a creditor. If the letter at issue can fairly be said to do so, this court will allow the creditor to amend it in order to share proportionately with other creditors similarly situated in the proceeds. Interpreting the movant's letter in context, this court finds it to be a demand against the estate.

The trustee, however, relies upon *In re Hoos & Co. Dynamics Corp. of America*, 570 F.2d 433 (2d Cir. 1978) and *In re Hotel St. James Co.*, 65 F.2d 82 (9th Cir. 1933) to support the proposition that an arguably ambiguous communication from a creditor such as this should not be interpreted as a claim.

In *Hoos* the Bankruptcy Court denied an application to allow a claim based on a creditor's letter to the secretary of an unofficial creditor's committee. The court in *Hoos* found that the letter was not an explicit demand against the estate and that even if the letter was a proper proof of claim the creditor's committee was not the agent of the court or the debtor. On appeal, the District Court held that while it might have been inclined to hold the letter a proper proof of claim, filing with the secretary of the creditor's committee was not proper within Rule 509(c). The Court of Appeals affirmed the judgment below holding that the letter was not a valid proof of claim. The court stated:

> Mr. Lipp's letter cannot by any stretch of the imagination be interpreted as asserting Hoos' claim. It unambiguously indicates that Lipp thought he had no authority to file a claim for this debt. . . . he hardly could have intended to "set forth" a claim as "authorized agent" of anyone and the letter so states.

*Hoos* 570 F.2d 433, 437.

This court's reading of *Hoos* indicates that the Court of Appeals found the authorization issue dispositive; the comments regarding the efficacy of the language in the letter, relied upon here by the trustee, are mere *obiter dicta* and do not persuade this court that a similar conclusion is compelled.

The court in *In re Hotel St. James* refused to interpret a petition for leave to sell mortgaged premises under a trust indenture, which was granted by the court, as a claim for deficiency on bonds remaining after the sale. The court held:

Unlike the letter in re Patterson-MacDonald Shipbuilding Co. [cite omitted], there is not the slightest indication that the petition was intended as a claim against the bankrupt estate. It is no more than it purported to be, a petition, necessarily addressed to the bankruptcy court, since the mortgaged premises were then under its control and in the possession of the receiver, to sell.

*In re Hotel St. James*, 65 F.2d 82, 83.

The movant's letter now before this court was not a pleading, and a response to a trustee's inquiry is not obligatory. Therefore, the relevance of the court's opinion in *St. James* is only to the extent that a court is reluctant to impute more than one purpose to a document.

The trustee also cites *In re Thompson*, 227 F. 981 (3d Cir. 1915) for the proposition that a claim must show that a demand is made against the estate, that creditors intend to hold the estate liable. *Thompson*, 227 F. 981, 983. This court agrees that such a demand is necessary, but also adds that correspondence between a creditor and an officer of the court must be interpreted in context with the creditor's actions, both prior to its receipt and during subsequent negotiations. This court finds that in light of the movant's participation in this case, and the action by the trustee in scheduling the debt and attempting to integrate its satisfaction in any proposed workout, the letter is reasonably interpreted as a demand for satisfaction of the debt. *See also In re Kessler*, 184 F. 51 (2d Cir., 1910); *In re Roeber*, 127 F. 122 (2d Cir., 1903).

The second issue raised by the trustee's objection is whether the movant's letter, having been received by the trustee, was properly filed within Rules 302 and 509 of the Federal Rules of Bankruptcy Procedure. Rule 302 provides in part:

(b) Place of filing. A proof of claim shall be filed in the place prescribed by Rule 509.

Fed.R.Bankruptcy P. 302(b). Rule 509 provides in part:

(c) Error in Filing. A paper intended to be filed but erroneously delivered to the trustee or receiver, or the attorney for either of them, or to the district judge, referee, or clerk of the district court, shall after the date of its receipt has been noted thereon, be transmitted forthwith to the proper person. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

Fed.R.Bankruptcy P. 509(c).

The trustee argues that "erroneous delivery" within the exception in 509(c) could not have occurred here because the letter at issue was delivered to the person to whom it was addressed—the trustee. This argument apparently implies that "erroneous delivery", as anticipated by the exception in Rule 509, includes all instances where a creditor prepares a proof of claim but stuffs the wrong envelope and misdelivers it to one of the parties listed in subsection (c); or where a postal agent delivers the properly addressed letter to the wrong addressee. This court is not persuaded that only mechanical error was meant to be vitiated by the exception in Rule 509(c). The purpose of subsection (c) is to allow creditors unskilled in bankruptcy procedure, who have submitted a claim to an officer of the court to rely on those good faith efforts.

In support of the proposition that misdelivery does not include claims intentionally mailed to the trustee, the trustee cites *In the Matter of American Beef Packers, Inc.*, 429 F.Supp. 887 (D.C.Neb., 1977). The court in *American Beef Packers* held that a letter from a creditor to the representatives of the trustee was insufficient to constitute the filing of a claim in the bankruptcy proceeding. The holding, however, is somewhat constrained by the facts of the case. The court in *American Beef Packers* noted that the attorney for the trustee therein had, upon receipt of a letter claiming overpayment by the creditor, sent a reply letter which *inter alia* advised the creditor to "file a proof of claim as soon as possible to avoid having its claim discharged". Again in a subsequent letter the trustee's counsel advised the creditor "I again caution you that the plan is expected to be confirmed on Dec. 15, 1975".

Although not all trustees have the time or inclination to advise creditors how to file a proper proof of claim, the court in *American Beef Packers* found that the attorney there had sufficiently declined to accept the creditor's letter as a proof of claim to eliminate any doubt as to its efficacy as such.

In the present case refusal was not so clear, and this court is persuaded that the movants reasonably believed their proof of claim had been properly filed. This court finds that the proof of claim was erroneously delivered to the trustee and the claim will be deemed filed with this court as of August 18, 1980 in the interests of justice.

For the foregoing reasons the motion of First National Bank of Lincolnwood to amend its proof of claim will be granted and trustee's objections be and hereby are overruled.