WILKINS, Senior District Judge.
In March 1980, the debtor, Evanston Motor Co., Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Reform Act of 1978, 11 U.S.C. section 1101 et seq. In July 1980, appellee Maurice Levine was appointed trustee of the debtor’s estate. The trustee sent a letter to First National Bank of Lincolnwood [hereinafter FNBL] requesting the latter to furnish him “... with documentation evidencing your secured position____” On August 18,1980, an attorney representing FNBL addressed and sent to the trustee the following response by return letter:
Please be advised that we represent the First National Bank of Lincolnwood. We are enclosing for your ready reference, photocopy of the note in the sum of $200,000.00, dated January 5,1979, showing a principal balance of $140,000.06, photocopy of assignment of beneficial interest in Chicago Title and Trust Company trust number 1073974, covering the property at 9525 Hamlin, Skokie, Illinois, assignment of beneficial interest in Chicago Title and Trust Company, trust number 1073975, covering the property at 1131-35 Chicago Avenue, Evanston, Illinois.
If any further information is required, please advise the undersigned.
According to the documents attached to FNBL’s letter, its security consisted of a beneficial interest in a land trust owned by a third party, rather than an asset of the bankruptcy estate.
In November 1980, the bankruptcy court ordered the matter converted to a liquidation proceeding under Chapter 7, 11 U.S.C. section 701 et seq. In December 1980, notice of the conversion was sent to all creditors advising them that they had until June 1981 to file proofs of claims against the estate. FNBL did not file a formal proof of claim. In October 1981, FNBL filed a motion for allowance of a claim. In June 1982, the bankruptcy court granted the motion. In re Evanston Motor Co., 20 B.R. 550 (Bkrtcy.N.D.Ill.1982). The trustee appealed and the district court reversed. Matter of Evanston Motor Co., Inc., 26 B.R. 998 (D.C.N.D.Ill.1983). This appeal followed.
The district court’s authority to review the decision of the bankruptcy court is governed by Bankruptcy Rule 810. Un *1031 der that provision, the district court sits as an appellate tribunal and has the power to affirm, reverse or modify the bankruptcy court’s ruling, or, to remand the case for further proceedings. Fed.R.Bankr.P. 810. Because the district court performs an appellate rather than a fact-finding role, it is. bound to accept the bankruptcy court’s findings of fact “... unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses.” Id. See, e.g., In the Matter of Neis, 723 F.2d 584 (7th Cir.1983). The Court of Appeals is similarly restricted in its review of the factual determinations made by the bankruptcy court. See Matter of Land Investors, Inc., 544 F.2d 925, 933 (7th Cir.1976). Neither this court nor the district court below, however, are so restricted in reviewing the bankruptcy court’s interpretations of law. See Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 103 (3rd Cir.1981). See also Pullman-Standard v. Swint, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982).
Filing a proof of claim is a prerequisite to the allowance of a creditor’s claim. Fed.R.Bankr.P. 302(a). Proofs of claim “must be filed within six months after the first date set for the first meeting of creditors____” Fed.R.Bankr.P. 302(e). After a bankruptcy case has been referred, proofs of claim must be “filed with the referee unless otherwise directed by local rule or by order of the judge.” Fed.R.Bankr.P. 509(a); Fed.R.Bankr.P. 302(b). In the present case, the bankruptcy court found the relevant facts to be without dispute and did not conduct an evidentiary hearing on FNBL’s motion for allowance of claim. The bankruptcy court determined that FNBL’s August 18, 1980 letter constituted an informal proof of claim within the meaning of Bankruptcy Rule 302(a). In re Evanston Motor Co., supra, 20 B.R. at 553. The bankruptcy court then determined that there had been an “error in filing” within the meaning of Bankruptcy Rule 509(c) so as to permit FNBL’s “claim” to be deemed filed as of the date the letter was delivered to the trustee. Id. at 554. Thus, the bankruptcy court concluded that FNBL’s informal proof of claim was timely filed under Bankruptcy Rule 302(e) and allowed it to be amended.
On appeal, the trustee challenged the bankruptcy judge's findings on both issues. The district court concluded that the bankruptcy judge erred in his interpretation of the letter as a claim. Even if the bank’s letter of August 18, 1980 were treated as a claim, however, the district court further determined that the bankruptcy court had improperly construed and applied Bankruptcy Rule 509(c). For purposes of this appeal, we accept the bankruptcy judge’s determination that the August 18,1980 letter may be interpreted as a proof of claim under all of the circumstances appearing before him. We agree with the district court, however, that the bankruptcy court erred in its construction and application of Rule 509(c).
Bankruptcy Rule 509(c) provides as follows:
Error in Filing. A paper intended to be filed but erroneously delivered to the trustee or receiver, or the attorney for either of them, or to the district judge, referee, or clerk of the district court, shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the proper person. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.
Fed.R.Bankr.P. 509(c). This provision is “... an extension of the rule of practice prescribed in the last sentence of General Order 21(1) respecting proofs of claim delivered to the trustee.” Fed.R.Bankr.P. 509(c), Advisory Committee Notes. The last sentence of General Order 21 provided that “Proofs of debt received by the trustee shall be delivered to the referee to whom the case is referred.” See 4B Collier on Bankruptcy at 1535-36 (14th ed. 1978). Extension of the practice prescribed by General Order 21, however, must take into account the limiting language of the current rule. While the terms of Rule 509(c) *1032 extend prior practice to include “papers” rather than merely “proofs of debt” and deliveries to other persons in addition to the trustee, the rule also is limited to those situations where the paper was “intended to be filed” and to where the paper was “erroneously delivered” to rather than merely received by the trustee. Additionally, a finding that such a situation exists is not enough under Rule 509(c) to constitute a filing as of the date of the error: the court must also find it to be “in the interest of justice” to deem the paper timely filed. Thus, Rule 509(c) must be viewed more as a limitation on the prior practice under General Order 21 rather than a mere extension. A contrary view would give the Advisory Committee’s general guidance greater vitality than the clear language of the rule itself.[1]
The bankruptcy court found that FNBL “reasonably believed” its proof of claim had been properly filed. In re Evanston Motor Co., supra, 20 B.R. at 554. This finding is perhaps drawn from the bankruptcy judge’s prior interpretation of the August 18, 1980 letter as meeting the requirements for a proof of claim. There is no specific finding, however, that FNBL intended the letter to be filed. Nor does the record indicate such an intent. More importantly, the bankruptcy court concluded that FNBL’s proof of claim had been erroneously delivered to the trustee. Id. That conclusion appears to have been based on the prior practice under General Order 21, cf., J.B. Orcutt Company v. Green, 204 U.S. 96, 102-03, 27 S.Ct. 195, 197-198, 51 L.Ed. 390 (1907), with In re Evanston Motor Co., supra, 20 B.R. at 553, and on an expansive view of the purpose of Rule 509(c).[2] In contrast, the current practice dictated by Rule 509(c) requires a misdeliv-ery. FNBL’s letter of August 18, 1980, however, was addressed solely to the trustee and delivered solely to the trustee. While delivery of this proof of claim to the trustee may have resulted from an error in judgment, there was no erroneous delivery under the plain meaning of Rule 509(c).[3] Because Rule 509(c) is not applicable in this case, FNBL’s claim was not filed as required by Bankruptcy Rule 302(a) and is barred by Bankruptcy Rule 302(e). Accordingly, the decision of the district court is AFFIRMED.

. In the proceedings here and below, appellant has relied on numerous cases decided under General Rule 21, e.g., J.B. Orcutt Company v. Green, 204 U.S. 96, 102-103, 27 S.Ct. 195, 197-198, 51 L.Ed. 390 (1907), In re Gibralter Amusements, Ltd., 315 F.2d 210, 213-214 (2nd Cir.1963), In re Kessler, 184 F. 51, 52-54 (2nd Cir.1910), or, on more recent decisions wherein the differences between the prior practice and the terms of Rule 509(c) are not discussed, e.g., In re Franciscan Vineyards, Inc., 597 F.2d 181, 183 (9th Cir.1979), cert. denied sub nom. Grover v. County of Napa, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980), In re Dialysis Service Co., Inc., 19 B.R. 940, 941 (Bkrtcy.D.Colo.1982), or, on decisions where the specific requirements of Rule 509(c) are simply ignored, e.g., Matter of Neisner Brothers, Inc., 2 B.R. 472, 474 (Bkrtcy.S.D.N.Y.1979). Decisions by lower courts addressing the differences between the current provisions and the prior practice are consistent with our holding in this case. See, e.g., In re Greene, 33 B.R. 1007, 1009-1010 (D.R.I.1983); Matter of American Beef Packers, Inc., 429 F.Supp. 887, 889 (D.Neb.1977).

. The bankruptcy court stated that ”[t]he purpose of subsection (c) [of Bankruptcy Rule 509] is to allow creditors unskilled in bankruptcy procedure, who have submitted a claim to an officer of the court to rely on those good faith efforts." 20 B.R. at 553. The bankruptcy judge’s view of the rule’s purpose is overly broad. Moreover, if this were the rule’s purpose, this appellant would not fit into the mold of those persons who are intended to be protected.

. The relevant facts surrounding the delivery of the August 18, 1980 letter to the trustee are not in dispute. Thus, a remand to the bankruptcy court for additional findings is not required. See Pullman-Standard v. Swint, supra, 456 U.S. at 292, 102 S.Ct. at 1791.