In re Kenneth G. SCHIPPER, Debtor.

FULTON STATE BANK, an Illinois banking corporation, individually and derivatively on behalf of all general unsecured creditors, Plaintiff–Appellant,

v.

George SCHIPPER, Jennie Schipper, Kenneth G. Schipper, individually and as debtor in possession, John Dornfeld and Stephen R. Burns, Defendants–Appellees.

No. 89 C 20209.

United States District Court, N.D. Illinois, W.D.

Jan. 30, 1990.

Thomas Potter, Morrison, Ill., for plaintiff-appellant.

Stephen Balsley, Bernard Natale, Rockford, Ill., John Callas, Rock Island, Ill., Stephen R. Burns, Erie, Ill., for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

ROSZKOWSKI, District Judge.

This action comes before this Court on appeal from a ruling of the United States Bankruptcy Court, Northern District of Illinois, Western Division. For the reasons set forth in this opinion, this Court affirms the ruling of the Bankruptcy Court.

## BACKGROUND

The facts have been told and retold in the various briefs of the parties and in detail in the May 18, 1989 Memorandum Opinion and Order of the bankruptcy court. 109 B.R. 832. Therefore, only a skeletal recitation is necessary here.

In May, 1986, Defendant John Dornfeld expressed interest in purchasing two tracts of land owned by the debtor abutting Dornfeld's property in order to expand his mulch business. Dornfeld made an offer

of approximately $45,800.00 for the two tracts of land. Kenneth Schipper was unable to deliver clear title and the sale was never consummated. On July 17, 1986, Kenneth Schipper filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* On September 9, 1986, defendants George and Jennie Schipper, parents of Kenneth Schipper, signed an offer to purchase the two tracts of land which were the subject of the Dornfeld offer for approximately $7,791.00, or $340.00 per acre. Apparently, Fulton State Bank hired an appraiser who valued the land at approximately $340.00 per acre. Consequently, Fulton State Bank made no objection to the sale and the sale was allowed on October 10, 1986.

Lester Weinstine was appointed to represent the interest of the debtor in possession in closing the transaction. In addition, Attorney Weinstine was debtor's attorney relating to the original Dornfeld negotiations for sale of the two tracts of land, and was also the attorney involved in the preparation and execution of the offer from George and Jennie Schipper for the purchase of the two tracts of land. Weinstine closed the deal and filed the report of sale on March 17, 1987.

In March, 1988, Dornfeld renewed his interest in the property for the same price and virtually the same terms as had been proposed in May, 1986. Sometime after that sale was consummated, counsel for Fulton State Bank was made aware of the previous negotiations between Kenneth Schipper and Dornfeld for the purchase of the two tracts. Shortly before the confirmation of the debtor's Chapter 11 plan, Fulton State Bank filed a motion to set aside the sale free and clear of liens. However, the bankruptcy court determined that the issue should be decided in an adversary proceeding. Fulton State Bank then initiated an adversary proceeding for equitable relief and turnover of funds naming Kenneth, George and Jennie Schipper, John Dornfeld and Stephen R. Burns as defendants. After a trial before the bankruptcy court on April 19, 1989, the bankruptcy judge held that Schipper had not breached his fiduciary duty to his creditors, that

there were no other defects in the sale, and that the complaint should be dismissed. Fulton State Bank appeals that decision of the bankruptcy court.

## DISCUSSION

■ In an appeal from a ruling of the bankruptcy court, where pure questions of fact are concerned, the district court will not overturn the bankruptcy court unless those rulings are found to be clearly erroneous or an abuse of discretion. However, where there are pure questions of law or mixed questions of law and fact, the district court may conduct a *de novo* review. *See Matter of Evanston Motor Co.*, 735 F.2d 1029 (7th Cir.1984); *Wiesmueller v. Interstate Fire & Casualty Co.*, 568 F.2d 40 (7th Cir.1978); *Industrial Equipment Co. v. Emerson*, 554 F.2d 276 (7th Cir. 1977); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2588. In the present case, the Court is presented with a pure question of fact and is constrained to apply the "clearly erroneous" or "abuse of discretion" standard to the instant appeal.

At the outset, it is important for this Court to deal with the issue appellant raised at oral argument to the correct standard of review and the appropriate framing of the issues before this Court. At oral argument, appellant Fulton State Bank argued that the bankruptcy court had incorrectly applied the "business judgment" standard pursuant to Code § 363 as opposed to a fiduciary standard urged by appellant. Appellant argued that this pure question of law gives this Court the freedom to deal with this appeal *de novo.* First, this Court notes that nowhere did appellant argue the failure of the bankruptcy court to apply a fiduciary standard as opposed to a business judgment standard in its appellate brief. Second, this Court points to the fact that the bankruptcy court specifically adopted a fiduciary duty on the part of the debtor in possession but held, in applying the facts of this case to determine whether there was a breach of that duty, that no breach had in fact occurred. *In re Kenneth G. Schipper*, 109 B.R. 832, 834–37

(Bankr.N.D.Ill.1989). In fact, the bankruptcy court specifically stated as follows:

> The fiduciary duty of a Debtor or a Trustee in bankruptcy has not been addressed in detail by the Courts. Most recognize, though, that a Chapter 11 debtor is a fiduciary of his creditors and the estate. *In re Telemark Management Co., Inc.*, 41 B.R. 501 (Bankr.W.D. Wis.1984). A debtor-in-possession holds its powers in trust for the benefit of the creditors and has the duty to protect and conserve property in his possession for their benefit. *In re Modern Office Supply, Inc.*, 28 B.R. 943 (Bankr.W.D.Okla. 1983), *In re Devers*, 759 F.2d 751 (9th Cir.1985). The scope and breadth of this duty, however, is somewhat undefined.

*Schipper*, at 835. The bankruptcy court went on to describe the fiduciary duty in various and more familiar settings such as that involving corporate fiduciaries. The bankruptcy court then concluded that the fiduciary obligations of a corporate fiduciary are similar to those of a debtor in bankruptcy.

> After bankruptcy is filed, the management's fiduciary obligations extend to the creditors of the debtor. However, the fiduciary's obligations in bankruptcy and the standards upon which they are measured are not the same, for all types of transactions, as those applied outside of bankruptcy. While a debtor's business discretion has an important role in Chapter 11, that role is reduced as the nature of the decision becomes increasingly significant. The discretion afforded the debtor gives way to the processes established under the Bankruptcy Code. The processes may require negotiation and voting, or Court approval, rather than unilateral action by the debtor. The relevant inquiry becomes not the quality of the decision, but whether the necessary processes were followed.

. . . . .

> The standard applied under Section 363 is applicable to the determination of a debtor's fiduciary duty, and breach thereof, in connection with the sale of assets outside the ordinary course of business. It takes into consideration the Debtor's obligations to the many competing interests which characteristically arise in bankruptcy. Equally relevant is the analysis applied by courts when evaluating actions taken by a fiduciary of a corporation. *The similarities between a bankruptcy estate and a solvent corporation are sufficient enough for the court to consider the fairness standard applied under state law in the corporate cases. Under the circumstances here, the Court is unable to find a breach of a fiduciary duty, or a duty of trust owed to the estate and the creditors, by the Debtor under either standard.*

*Schipper*, at 836 (emphasis added and citations omitted).

■ The bankruptcy court clearly held that a fiduciary duty did exist, noted the differences between the fiduciary duty in a bankruptcy case and that in a typical corporate setting, and unequivocally held no breach of any fiduciary duty regardless of which standard applied. This Court is inclined to agree wholeheartedly with the legal analysis of the bankruptcy court. While a fiduciary duty is imposed upon a debtor-in-possession, the nature of that duty must take into account the competing interests present in a Chapter 11 setting just as the corporate fiduciary duty takes into account the nature of the corporate hierarchy. That explains, for example, the differences in the nature of the fiduciary duty imposed in a closely-held corporation and that imposed in a publicly-held corporation.

As to the application of the facts of this case to the legal rule enunciated by the bankruptcy court, with which this Court agrees, this Court cannot say that the bankruptcy court's decision was either clearly erroneous or an abuse of discretion. The bankruptcy court noted at the outset of the opinion that the facts in this case "at first blush ... appear to smack of fraud," *Schipper*, at 834. The bankruptcy court was clearly cognizant of the nature and magnitude of the conduct involved in this case. After hearing the testimony at trial,

seeing the demeanor of the witnesses at trial and judging the credibility of those witnesses, the bankruptcy court concluded that there was no fraud and that no breach of fiduciary duty had occurred. The bankruptcy court's opinion stated the following:

> The evidence established that the sale of the real estate was based upon sound business reasons as required under Section 363.... The sale price was based upon an appraisal made by an independent appraiser. In fact, the Bank has not argued that the sale price was not at fair market value, or unreasonably low. The proportionate value of the real estate to the estate as a whole is negligible. The Debtor's need for cash to continue the operation of the business and thereby generate a dividend to unsecured creditors upon confirmation, has been established.

*Schipper*, at 836.

As stated above, this Court agrees with the bankruptcy court's discussion and analysis regarding the existence and scope of the fiduciary duty a debtor-in-possession owes his creditors. In addition, this Court cannot say that application of the facts to the law constituted an abuse of discretion or was clearly erroneous.

The final issue this Court must deal with is appellant's argument that the conduct of Attorney Lester Weinstine in representing Kenneth Schipper in the initial negotiations and both Kenneth Schipper as debtor-in-possession and George and Jennie Schipper in the ultimate purchase/sale of the property. While this Court believes that the bankruptcy court could have justifiably refused to compensate Attorney Weinstine for his work on behalf of the debtor-in-possession for failure to disclose his conflict or even file the necessary conflict of interest statement, no objections were made at the time of the sale and no objections were made at the time the bankruptcy court allowed Attorney Weinstine's petition for compensation. Therefore, this Court holds that appellants have failed to preserve this issue for appeal by failing to timely object even when it was apparent from the state of the record at the time of the petition for compensation that no conflict of interest form had been filed by Attorney Weinstine. This Court notes parenthetically that even were some remedy available for Attorney Weinstine's conduct, this Court does not believe that rescission of the sale to a good faith purchaser would be available as a remedy in any event.

### CONCLUSION

For the reasons set forth in the foregoing opinion, this Court holds that the bankruptcy court correctly applied the fiduciary standard for a debtor-in-possession. Further, this Court holds that the bankruptcy court's application of the facts to the law was not clearly erroneous or an abuse of discretion.