Rountree Riley GOODMON,
Plaintiff–Appellant,

v.

John D. ROCKEFELLER, IV, Governor; W. Joseph McCoy, Commissioner of the Department of Corrections; Richard G. Mohn, Superintendent of the West Virginia State Penitentiary; Donald E. Bordenkircher, Superintendent of the West Virginia State Penitentiary; Edwin Myers, Assistant Superintendent of the West Virginia State Penitentiary; B.C. Cluter, Deputy Warden of Security, West Virginia State Penitentiary; William Duncil, Deputy Warden of the West Virginia State Penitentiary; J. Dave Fromhart, Deputy Warden of the West Virginia State Penitentiary; Norman Woods, Dr., West Virginia State Penitentiary, all sued in their individual and official capacities, Defendants–Appellees.

George T. JOHNSON, Plaintiff–
Appellant,

v.

John D. ROCKEFELLER, IV, Governor; Joseph McCoy, Commissioner; Don E. Bordenkircher, Superintendent; Adult Parole Board, Individually and in their official capacity, Defendants–Appellees.

Nos. 90–7027, 90–7303.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1991.

Decided Oct. 29, 1991.

Robert Molton Bastress, Jr., Morgantown, W. Va., argued, for plaintiffs-appellants.

James Alexander Swart, Sr. Asst. Atty. Gen., Charleston, W. Va., argued, for defendants-appellees.

Before MURNAGHAN and NIEMEYER, Circuit Judges, and YOUNG, Senior District Judge for the District of Maryland, sitting by designation.

OPINION

PER CURIAM:

Rountree Riley Goodmon and George T. Johnson, inmates at the West Virginia Penitentiary at Moundsville, West Virginia, have, in separate complaints, sued the Governor of West Virginia, the Commissioner of the Department of Corrections, and various prison officials, both in their official capacities and in their individual capacities, under 42 U.S.C. § 1983 (1988). They demand money damages and seek declaratory and injunctive relief in connection with the conditions of the penitentiary and their confinement. The state courts in West Virginia have already found that confinement at the penitentiary subjects the inmates to punishment in violation of the Eighth Amendment and have ordered the construction of a new prison, which will be completed in 1992. *See Crain v. Bordenkircher,* — W.Va. —, 392 S.E.2d 227 (1990) (summarizing the many state court proceedings on these issues). Relying on *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), in which the Supreme Court held that "neither a

State nor its officials acting in their official capacities are 'persons' under § 1983" and therefore cannot be sued under § 1983, *id.* at 71, 109 S.Ct. at 2311, the district court dismissed both complaints. The holding in *Will*, however, does not support dismissal of claims against public officials for money damages, who are sued *in their individual capacities*. Because the decision of the district court failed to address the claims made against the individuals in their individual capacities, we reverse and remand for further consideration of those claims. In all other respects, we affirm.

Goodmon's complaint lists in some detail his grievances about the conditions in the penitentiary at Moundsville. The list is long, consisting of some five pages, and it covers virtually all aspects of prison life and facilities. The allegations describe gross inadequacies in construction (for example, the size of cells) and equipment (for example, the ventilation). Goodmon also condemns the operation and management. For instance, he alleges that inmates were deprived of adequate food and medical care, that they were not allowed to participate in religious services, that they were denied access to legal materials, and that prison cells were overrun with raw sewage and infested with vermin. Johnson's complaint makes similar allegations. Both Goodmon and Johnson sue the defendants in their official capacities and in their individual capacities. J.A. 18–19 (Goodmon complaint); J.A. 89 (Johnson complaint).

In its opinion and order dismissing the complaints, the district court focused on the claims against the officials in their official capacities. It stated:

> Upon review of the briefs filed herein, along with the records of each case, the Court is of the opinion that these actions should be dismissed. Each of these actions is a § 1983 action brought against the state of West Virginia through her officials acting in their official capacities, in which the plaintiffs claim that their civil liberties have been deprived by the manner in which the state runs the Penitentiary.

J.A. 131. The court relied on the quotation from *Will* which states that 42 U.S.C. § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties," *Will* at 491 U.S. at 66, 109 S.Ct. at 2309 (emphasis added), and on the statement that "a State" includes its officials acting in their official capacities, *id.* at 71, 109 S.Ct. at 2311.

Insofar as the district court's order dismisses the suits against the state of West Virginia and its officials acting in their official capacities, it properly relies on *Will*. The order, however, fails to recognize that the complaints in these cases seek relief from the defendants also in their individual capacities. Because a suit against an official in his individual capacity does not seek payment from the state treasury, but from the personal funds of the individual, and therefore is not a suit against the state or the state office that the individual occupies, the individual is not protected by the holding of *Will*. *See Pontarelli v. Stone*, 930 F.2d 104, 113 n. 17 (1st Cir.1991).

We therefore remand the case for further consideration of the claims made against the officials in their individual capacities. Our order of remand is not to be interpreted as expressing any viewpoint on the merits of the claims, an analysis which must be conducted under *Wilson v. Seifer*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), or on the availability of the immunity defenses raised under the Eleventh Amendment or under *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), and *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), or on any other defense that may be raised. Our order reaches only the question of whether the defendants in their individual capacities are persons as defined in 42 U.S.C. § 1983. We hold that they are. Accordingly we remand for further disposition in accordance with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.