Jess WHITE, Plaintiff–Appellant,

v.

Ronald O. GREGORY; Michael House, Defendants–Appellees.

No. 91–7641.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 2, 1992.

Decided Aug. 23, 1993.

Larry Michael Bonham, Larry L. Rowe, Charleston, WV, argued, for plaintiff-appellant.

Rita A. Stuart, Sp. Asst. Atty. Gen., Charleston, WV, argued, for defendants-appellees.

Before WIDENER, MURNAGHAN, and WILLIAMS, Circuit Judges.

## OPINION

WILLIAMS, Circuit Judge:

Jess White, a prisoner at Pruntytown Correctional Center, West Virginia, brought this *pro se* action under 42 U.S.C. § 1983 (1988) alleging that prison officials were denying him three meals a day in violation of his civil rights under the Eighth Amendment to the United States Constitution. He sought both injunctive relief and damages. The district court dismissed the complaint under 28 U.S.C. § 1915(d) (1988), and White appealed. We affirm.

### I

White states in his complaint that the defendants, Ronald O. Gregory and Michael House, allowed him only two meals a day on weekends and holidays, thereby forcing him to forego food for periods of up to eighteen hours. House is the Superintendent at the Pruntytown Correctional Center, and Gregory is the Commissioner of the West Virginia Department of Corrections. White explicitly stated that he was suing both defendants "as individuals."

White's complaint was referred to a magistrate judge, who concluded that White's allegations were sufficient to state a claim under *Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir.), *cert. denied*, 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978) (holding that an allegation that prisoners were "not provided with three wholesome and nutritious meals a day" stated a claim). Accordingly, the magistrate judge recommended that White be granted leave to proceed *in forma pauperis*. The district court adopted the recommendation and ordered that White's complaint be filed and that Defendants be served.

Defendants did not file an answer within twenty days of service of the complaint as required by Federal Rule of Civil Procedure 12(a). White moved for a default judgment, which the district court denied. Instead, finding excusable neglect, the court granted Defendants' motion for additional time in which to file a responsive pleading. Defendants then moved for dismissal under Federal Rule of Civil Procedure 12(b)(6).

In support of the motion to dismiss,[1] House submitted an affidavit in which he stated that White lived in a basement apartment in the Superintendent's (i.e., House's) residence. House stated that White had full access both to House's refrigerator and to a separate refrigerator that White was allowed to keep fully stocked with food. Defendants also submitted the affidavit of Geraldine Lambert, who worked with food services at Pruntytown. Lambert stated that White was allowed to select three to four days worth of food from the prison food supplies for his own refrigerator.

White responded by submitting an affidavit in which he claimed that he only had access "to the kitchen at the Superintendent's house ... when [he] cleaned it or while cooking House's meals." (J.A. 68A.) In addition, White filed a "Motion Not to Dismiss" in which he stated that "while House was Superintendent, he was not allowed food at the Superintendent's house. And [he] was not allowed to cook at the Superintendent's house for himself." (J.A. at 63A.) White "agree[d] that House had food sent to the Superintendent['s] house[,] but it was state food that House ate[,] not Plaintiff." (J.A. at 63A.) White reiterated this point in his affidavit, claiming that he was unable to get food from the Pruntytown Correctional Center's kitchen because he was restricted to the Superintendent's residence. Finally, in his verified complaint, White claimed that he told House that he was entitled to three meals a day, and that House responded by laughing and saying that "he didn't care what the courts said on feeding three meals a day to inmates." (J.A. at 16A.)

The matter was referred to a magistrate judge who recommended dismissal under § 1915(d) on two grounds. First, the magistrate judge determined that Defendants were acting in their official capacities, and held that they were therefore immune from suit

---

1. The district court did not address whether the complaint should have been dismissed under Rule 12(b)(6). Consideration of these affidavits on a Rule 12(b)(6) motion would have been inappropriate and required conversion of the motion into one for summary judgment under Rule 56. Fed.R.Civ.P. 12(b).

under § 1983. Second, the magistrate judge determined that White's allegation that "he was denied three meals a day is refuted by affidavits attached to defendants' motion to dismiss." (J.A. at 58A.) The magistrate judge also determined that White's claim for injunctive relief was moot because he was no longer incarcerated at Pruntytown. *See Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987). The district court accepted the recommendation of the magistrate judge and dismissed the complaint.

## II

### A

■ Section 1915(d) grants district courts the power to dismiss *in forma pauperis* complaints that are either frivolous or malicious. The Supreme Court has determined that a complaint is frivolous under § 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law where it is based on an "indisputably meritless legal theory." *Id.* at 327, 109 S.Ct. at 1833. A complaint lacks an arguable basis in fact where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez,* — U.S. —, —, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

■ Dismissals under § 1915(d) are reviewed for abuse of discretion. *Id.* at —, 112 S.Ct. at 1734. District courts typically will grant a plaintiff leave to proceed *in forma pauperis* only after making a preliminary finding that the complaint is not frivolous. Since leave to proceed *in forma pauperis* is necessary for service under § 1915(b), most dismissals under § 1915(d) occur before any of the defendants are served. However, even if a complaint has been filed and served, district courts have discretion under § 1915(d) to dismiss the complaint where in the course of litigation it becomes evident that the plaintiff's allegations are clearly baseless in law or fact. *See id.* at — – —, 112 S.Ct. at 1731–34 (holding that dismissal under § 1915(d) is appropriate where affidavits supporting amended complaint indicated that the initial complaint was factually frivolous). Section 1915(d) does not, however, empower district courts to resolve genuine issues of material fact. *Id.* at —, 112 S.Ct. at 1734.

Although the district court dismissed the complaint here because White's claims appeared factually frivolous in light of the affidavits submitted by Defendants, we do not address whether dismissal on this ground was justified. Instead, we affirm the dismissal under § 1915(d) because White's theory of an Eighth Amendment violation is indisputably meritless under *Strickler v. Waters,* 989 F.2d 1375 (4th Cir.1993).

■ In *Strickler,* we held that a prisoner must suffer "serious or significant physical or mental injury" in order to be "subjected to cruel and unusual punishment within the meaning of the" Eighth Amendment. *Id.* at 1381. Here, White admits that he received three meals a day except for weekends and holidays, when he received two meals. He makes no suggestion of any deleterious physical or mental effects from this meal schedule. Dieticians may quibble over whether two meals a day provide a nutritionally balanced diet, but the deprivation alleged here simply does not rise to the level of a "serious or significant physical or mental injury."

We conclude that the facts stated in White's complaint plainly indicate that his claims are indisputably meritless, and hence that the district court did not err in dismissing the complaint under 28 U.S.C. § 1915(d).

### B

■ White raises two other matters that we need address only briefly. First, he challenges the district court's holding that Defendants were acting in their official capacities and were therefore immune from suit under § 1983. The district court relied upon language in *Will v. Michigan Department of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989), which suggested that state officials are immune from suit under § 1983 if they act in their official capacities. The Supreme Court recently rejected that interpretation of *Will,* holding that "state officials, sued in their

individual capacities, are 'persons' within the meaning of § 1983" and are not "absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo,* —— U.S. ——, ——, 112 S.Ct. 358, 365, 116 L.Ed.2d 301 (1991); *see also Goodmon v. Rockefeller,* 947 F.2d 1186, 1187 (4th Cir.1991). Because White sued Defendants "as individuals," dismissal under *Will* was inappropriate.

Second, White urges that the district court erred in denying his motion for default judgment against Gregory.[2] We find that the district court did not abuse its discretion in granting Gregory additional time to file his answer, and hence that the court did not err in denying White's motion for default judgment.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*

WIDENER, Circuit Judge, concurring:

I concur in the majority opinion. Nevertheless, I would add a word, for, in my opinion, the district court was correct in the action it took in dismissing the plaintiff's case.

Of great importance is the fact that the plaintiff, while he nominally may have been in prison, lived in an apartment in the basement of the home of the prison superintendent. Not only did he have access to the superintendent's kitchen and refrigerator, but he had his own refrigerator in his own apartment which was stocked with food. The following questions and answers from oral argument are quoted here:

The Court: It is not disputed, however, that the man had access to the superintendent's refrigerator during all of this time, is it?

A: Correct.

\* \* \* \* \* \*

The Court: Well, it is not denied also that he had his own refrigerator and his basement apartment stocked with a variety of food items, is it?

A: No, it is not, Your Honor.

The Court: Well, how on earth is he claiming that he is under-nourished when he had a refrigerator full of food that he admits?

A: Well, he claims he was not provided three wholesome meals a day. . . .

And I add that, in answer to the first question, stated above, the prisoner's attorney elaborated as follows:

He stated that the food delivered to . . . defendant House's residence was for defendant House. He was not allowed to touch it and he states in his affidavit that his only access to the kitchen was to clean it or to cook defendant House's breakfast. He was not allowed to eat there.

This colloquy makes the very best case for the prisoner that he can make.

As an initial matter, I would find that even an inference that this prisoner was not properly nourished,[*] with admitted unrestricted access to his own refrigerator and restricted access to the superintendent's refrigerator, is simply not well taken. Any affidavit which claims that this prisoner did not have adequate nourishment I would find to be inherently incredible.

The inherent incredibility aside, the admission by this prisoner that he has access to his own refrigerator, stocked with a variety of foods, is a substantive admission of fact from which a court is bound to infer that he is not undernourished.

So, in my opinion, the case is frivolous as a matter of fact as well as a matter of law, and the dismissal of the same by the district court should be affirmed on that account also.

---

**2.** Although it appears from the record that White moved for default judgment against both Defendants, White has not appealed the denial of default judgment against House.

[*] Even though not pleaded.