**Rodney Antonio TUCKER, Plaintiff,**

**v.**

**Commonwealth of Virginia, Virginia Department of Corrections Director, Ronald ANGELONE, *et al.,* Defendants.**

**Civil Action No. 3:96CV574.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 29, 1997.

Rodney Antonio Tucker, Only, TN, Pro Se.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Rodney Antonio Tucker, a Virginia state prisoner housed in Tennessee, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's request to proceed *in forma pauperis* and for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A and 42 U.S.C. § 1997e(c). Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### A. PROCEDURAL HISTORY

Pursuant to 28 U.S.C. § 636(b), the action was referred to the Magistrate Judge. The Magistrate Judge made the following findings and recommendations:

Tucker's claims may be fairly summarized as follows:

1. Due Process Violations:

   a. denied Virginia parole and good time credits;

   b. denied access to Virginia's grievance procedure;

   c. denied access to Virginia law books;

   d. denied access to his progress reports.

2. Equal Protection Violations.

3. Incarceration in Tennessee is cruel and unusual.

Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that "fail to state a claim upon which relief could be granted". This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

Rule 12(b)(6) allows a court to dismiss claims based on dispositive issues of law.

*Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). A 12(b)(6) motion cannot be granted, however, unless "it is clear that no relief could be granted under any set of facts that could prove consistent with the allegations." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (as cited in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). When considering the motion, courts must presume that all factual allegations in the complaint are true and must accord all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994). However, the court is not bound to accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Accordingly, the following facts are presumed true for the purposes of this motion.

### II. Summary of Allegations

Rodney Antonio Tucker is a Virginia inmate housed in the Tennessee Department of Corrections pursuant to the Interstate Corrections Compact. Tucker has named Ronald Angelone, the Director of the Virginia Department of Corrections, and John Metzger, the Director of the Virginia Parole Board, as defendants. Tucker contends his incarceration in Tennessee denies him benefits that would be available if he was incarcerated in Virginia. Specifically, Tucker asserts that 1) he is denied access to Virginia's grievance procedure; 2) he does not have access to Virginia state legal materials; 3) he does not receive the same good-time credits available to inmates housed in Virginia. Tucker claims the failure to provide him with the above service and benefits violates his rights under the Due Process and Equal Protection Clauses.

Tucker also asserts that he was denied due process and subjected to discrimination by Metzger's failure to grant him parole. Tucker alleges that he has satisfied all of Virginia's criteria for parole. And, Tennessee authorities actually recommended him for parole but Metzger re-

fuses to grant him parole from his Virginia sentence. Tucker contends that being located out of state makes it more difficult for him to prepare his parole plans.

Finally, Tucker asserts his incarceration in Tennessee constitutes cruel and unusual punishment. On one occasion Tucker was assaulted. He lives in fear of being beaten or killed or forced to join a gang. His only alternative is to request protective custody.

### III. Due Process Violations

"Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." *Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). An inmate may have a state created liberty interest, but:

> [T]hese interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Connor [Conner],* —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995) (internal citations omitted).

Initially, the Court notes that interstate transfers of inmates do not pose an atypical and significant hardship in relation to the ordinary incidents of prison life. *Cochran v. Morris,* 73 F.3d 1310, 1318 (4th Cir.1996) (citing *Sandin,* —— U.S. at ——, 115 S.Ct. at 2300). And, Tucker's subsidiary allegations that he was improperly deprived of a liberty interest by his transfer are meritless.

■ Tucker has no federal or state created liberty interest in parole or to a particular institutional classification. *See Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Slezak v. Evatt,* 21 F.3d 590 (4th Cir.), *cert. denied,* 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); *James v. Robinson,*

863 F.Supp. 275, 277 (E.D.Va.), *aff'd,* 45 F.3d 426 (4th Cir.1994).

■ The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994) (dismissing claims regarding the grievance procedure as frivolous as a matter of law).

■ In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316 (4th Cir.1996); *Strickler v. Waters,* 989 F.2d 1375, 1383–84 (4th Cir.), *cert. denied,* 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). Tucker has not identified how any of his litigation was frustrated by the defendants.

■ Tucker has no constitutionally mandated right of access to his prison file or his progress reports. *Bloodgood v. Garraghty,* 783 F.2d 470, 473 (4th Cir.1986). Accordingly, it is recommended that Claim 1(a)–(d) be DISMISSED.

### IV. Equal Protection Claim

■ Tucker's complaint is littered with allegations that he was subject to "discrimination". The Court assumes Tucker is attempting to construct an equal protection violation. However, this claim is defective because Tucker fails to allege he and a comparator inmate were treated differently and were similarly situated. *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). For equal protection purposes, inmates transferred pursuant to the Interstate Corrections Compact are "similarly situated" to those inmates in the receiving institution. VA.Code.Ann. § 53.1–216; *Stewart v. McManus,* 924 F.2d 138, 142 (8th Cir.1991); *Abrazinski v. DuBois,* 876 F.Supp. 313, 318 (D.Mass1995); *accord, Moss v. Clark,* 886 F.2d 686, 691 (4th Cir.1989) (for purposes of imprisonment and parole, the class to which an inmate belongs consists of the persons confined as he is confined, subject

to the same conditions to which he is subject). And Tucker fails to allege that any different treatment was the result of a discriminatory intent. *United States v. Armstrong,* —— U.S. ——, ——, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996) (to make a prima facie case of discriminatory prosecution, claimant must allege that similarly situated individuals of a different race were not prosecuted); *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977). Accordingly, it is recommended that Claim 2 be DISMISSED.

### V. Eighth Amendment Violations

 Plaintiff fails to allege that either of the named defendants knew of and disregarded an excessive risk to his safety. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference); *White v. Gregory,* 1 F.3d 267, 269 (4th Cir.1993) (8th Amendment claim should be dismissed if it fails to suggest inmate suffered a serious physical or mental injury from the challenged condition). Accordingly, it is recommended that Claim 3 be DISMISSED.

Report and Recommendation entered October 25, 1996. Tucker was advised that he could file objections within ten days of the date of entry thereof. Tucker has not responded.

### B. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski,* 816 F.Supp. 408, 410 (D.S.C.1993) (citing *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976)). This court "shall make *de novo* determination of those portions of the report or specified proposed findings to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The filing of ob-

jections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985).

### C. CONCLUSION

There being no objections, and upon review of the record and the Magistrate Judge's findings, the Report and Recommendation will be accepted and adopted. The complaint and action will be dismissed without prejudice. The Clerk will be directed to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995. 28 U.S.C. § 1915(g).

An appropriate order shall issue.