**Victor VELASCO, Plaintiff**

**v.**

**Sgt. HEAD, et al., Defendants**

**No. CIV.A.7:00CV00153.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 10, 2000.

Victor Velasco, Somers, CT, for plaintiff.

Christopher Garrett Hill, Office of Attorney General, Richmond, VA, for defendants.

### *MEMORANDUM OPINION*

SARGENT, United States Magistrate Judge.

This case is before the court on the defendants' Motion for Summary Judgment, (Docket Item No. 10), ("Defendants' Motion"). Based on my review of the evidence provided and the written arguments and representations of the parties, and for the reasons set forth below, I find that granting summary judgment in favor of the defendants is inappropriate. Therefore, I will deny Defendants' Motion.

The plaintiff, Victor Velasco, a Connecticut prisoner previously incarcerated in Wallens Ridge State Prison, ("Wallens Ridge"), in Wise County, Virginia,[1] brings this action against the defendants, Sgt. Head, Lt. Combs, Sgt. Short and an unknown correctional officer referred to as John Doe, all correctional officers who were employed at Wallens Ridge. The plaintiff alleges that he was subjected to a malicious use of force on October 26, 1999, during the intake procedure which began his incarceration in Wallens Ridge. (Complaint, (Docket Item No. 2), at 3–10.) In particular, the plaintiff claims that he was injured when Sgt. Head and Sgt. Short stepped on the chain between the shackles around his ankles, causing the shackles to cut into his legs. (Complaint at 5.) The plaintiff further alleges that he was shocked with an electric stun gun by Doe. (Complaint at 7–8.) The plaintiff is suing the defendants in their official and individual capacities and seeks monetary damages for personal injuries, which he alleges that he has suffered as a result of this incident. (Complaint at 1–2, 23–24.)

The defendants argue that summary judgment should be entered in their favor on the following grounds:

1) Plaintiff did not timely exhaust his administrative remedies prior to filing suit, and, therefore, the court lacks subject matter jurisdiction over his claim;

---

1. The plaintiff is now incarcerated in a Connecticut state prison.

2) Plaintiff is suing the defendants solely in their official capacity, and the defendants are immune from suit in their official capacity for damages;

3) The defendants are entitled to qualified immunity from any claim brought against them in their individual capacity; and

4) No genuine issue of material fact exists to indicate that the use of excessive force was present in this case.

(Defendant's Memorandum In Support Of Their Motion For Summary Judgment, ("Defendants' Memorandum") (Docket Item No. 11), at 1–3, 6.)

Pursuant to Federal Rule of Civil Procedure 56(c), the court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991); and *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Matsushita,* 475 U.S. at 587, 106 S.Ct.

1348; *Nguyen v. CNA Corp.,* 44 F.3d 234, 237 (4th Cir.1995); *Miltier v. Beorn,* 896 F.2d 848, 850 (4th Cir.1990); *Ross,* 759 F.2d at 364; *Cole v. Cole,* 633 F.2d 1083, 1092 (4th Cir.1980). In other words, the nonmoving party is entitled to have "the credibility of his evidence as forecast assumed." *Miller,* 913 F.2d at 1087 (quoting *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979)). Therefore, in reviewing the Defendants' Motion, the court must view the facts and inferences in the light most favorable to the plaintiff.

█ With regard to the first issue before the court, the defendants argue that this case must be dismissed because the plaintiff did not exhaust his administrative remedies under the available institutional grievance procedure as required by 42 U.S.C.A. § 1997e(a). In support of this argument, the defendants have filed the affidavit of Brenda Ravizee, Grievance Coordinator at Wallens Ridge. (Attachment to Docket Item No. 10.) According to Ravizee, Velasco submitted two separate regular grievance forms regarding the incident which is the basis for this case. One form was submitted on October 29, 1999, and the other on November 24, 1999. According to Ravizee, both of these grievance forms were returned to Velasco because he had failed to first file an informal complaint as required by the inmate grievance procedure at Wallens Ridge. Ravizee has attached to her affidavit photocopies, which she claims are true and accurate copies of Velasco's grievance forms and the prison's responses.

Velasco, by affidavit, has disputed the defendants' claim that he did not exhaust his administrative remedies. (Attachment to Plaintiff's Response To Defendants' Motion For Summary Judgment, (Docket Item No. 16).) In particular, Velasco asserts that he filed an informal complaint regarding this incident on November 1,

1999. Velasco has attached a carbon copy of this informal complaint to his affidavit. Velasco also has attached what he states is the original regular grievance form that he filed on November 24, 1999, regarding the October 26, 1999, incident. This form is dated November 24, 1999, nonetheless, the response section states that it was rejected as not being timely filed within 30 days of the alleged incident. This rejection appears to be signed with the name of B.J. Ravizee.

Based on this dispute in material fact, it is inappropriate to issue summary judgment in the defendants' behalf on this issue. If the plaintiff's allegations are taken as true, he has demonstrated that he did exhaust his administrative remedies prior to filing suit.

■ With regard to the defendants' second argument, I agree with the defendants that they are not subject to a suit in their official capacity for monetary damages. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The plaintiff's complaint, however, clearly states that he is suing each defendant in their official and individual capacities. (Complaint at 1–2.) Furthermore, the defendants' own memorandum admits that they are sued in this case in both their official and individual capacities. (Defendants' Memorandum at 2.) Both the Supreme Court and the Fourth Circuit have held that state officials, sued in their individual capacities are "persons" within the meaning of 42 U.S.C.A. § 1983 and are not absolutely immune from personal liability under § 1983 solely by virtue of the official nature of their acts. *See Hafer v. Melo,* 502 U.S. 21, 30, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *White v. Gregory,* 1 F.3d 267, 269–70 (4th Cir.1993).

■ Furthermore, government officials, including correctional officers, may have qualified immunity from civil liability for performing discretionary functions only insofar as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Whether a prison guard is shielded from liability for his conduct under this doctrine depends upon whether a reasonable prison guard possessing the same information could have believed his conduct to be lawful." *Johnson v. Garraghty,* 57 F.Supp.2d 321, 329 (E.D.Va.1999) (citing *Rainey v. Conerly,* 973 F.2d 321, 323 (4th Cir.1992)).

■ Because this case turns on a factual dispute, the defendants' third and fourth arguments also must fail at this stage. The Fourth Circuit has held that where the parties' versions of the underlying facts are in direct contradiction, resolution of the qualified immunity issue is inappropriate at the summary judgment stage. *See Rainey,* 973 F.2d at 324. Here, the plaintiff alleges that he was injured when his shackles were stepped on and a stun gun applied to him for no justifiable reason. The defendants deny that anyone stepped on the plaintiff's shackles. They admit that Sgt. Head applied a stun gun to the plaintiff, but they state that this was done only after the plaintiff refused to comply with an order to bend and cough. (Affidavit of Corrections Officer Lt. J.C. Combs, (Attachment to Docket Item No. 10), at 2–3.) Viewing the facts of this case in the light most favorable to the plaintiff, the defendants would not be immune from suit as a matter of law if they had used force without justification, but rather maliciously or sadistically to cause harm. *See Hudson v. McMillian,* 503 U.S. 1, 9–11, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

■ The defendants also argue that no genuine issue of material fact exists in this case as to the issue of the use of excessive

force. In particular, the defendants argue that if the plaintiff received only a de minimis injury, excessive force could not have been used. *See Norman v. Taylor*, 25 F.3d 1259, 1262–63 (4th Cir.1994). Again, the plaintiff claims that, without any justification other than a desire to inflict injury, the defendants used an electric stun gun to shock him until he lost control of his body and had to be lowered to the ground to recover. (Complaint at 7–9.) If the plaintiff's allegations are true, I find that such conduct would be "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and would not require proof of any permanent, serious physical effect. *See Hudson*, 503 U.S. at 9–10, 112 S.Ct. 995; *Norman*, 25 F.3d at 1263–64, n. 4; *see also Hickey v. Reeder*, 12 F.3d 754, 758–59 (8th Cir.1993) (use of stun gun to compel compliance with correction officer's order to sweep cell is violation of inmate's Eighth Amendment right to be free from cruel and unusual punishment); *Caldwell v. Moore*, 968 F.2d 595, 600–01 (6th Cir.1992) (use of stun gun is not a per se violation of Eighth Amendment, liability must be determined on the facts of each case); *Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir.1988) (a finding that use of a stun gun is not per se unconstitutional does not validate its unrestricted use, the appropriateness of its use must be determined by the facts and circumstances of each case); *but see Rubins v. Roetker*, 737 F.Supp. 1140, 1142–44 (D.Colo.1990) (use of stun gun to subdue disruptive inmate did not constitute cruel and unusual punishment).

Based on the above-stated reasons, an appropriate order denying the Defendants' Motion will be entered.