No. 2--09--0032

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| ANDRE JACKSON, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 07--L--615 |
| | ) | |
| THE COUNTY OF KANE and ARAMARK | ) | |
| CORRECTIONAL SERVICE, | ) | Honorable |
| | ) | Donald J. Fabian, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Andre Jackson, a prisoner in the Kane County Adult Correctional Center (the jail),
filed a pro se amended complaint against defendants, the County of Kane and Aramark Correctional
Service (Aramark), alleging that from about January 2006 through January 2008 inmates at the jail
were served meals on cracked and broken trays in disregard of state laws. The trial court dismissed
the complaint with prejudice, and defendant timely appealed. We affirm.

BACKGROUND

On November 14, 2007, plaintiff (and three other inmates) filed a complaint against Aramark
and Kane County Sheriff Patrick B. Perez (the Sheriff), alleging that Aramark, with the Sheriff's
knowledge, violated "Illinois Department of Health Food *** sanitation codes and county jail
stand[ards]" by serving inmates food on broken and cracked trays.

On December 21, 2007, plaintiff (and the three other inmates) filed an amended complaint, now "on behalf [of] Kane County Jail Detainee's," which was substantially similar to the initial complaint except that the amount claimed was adjusted upward from $100,000 to $5 million. The plaintiffs additionally claimed that the service of food on broken and cracked trays violated their "constitutional rights."

On December 27, 2007, the Sheriff moved to dismiss the amended complaint under section 2--619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(9) (West 2006)), arguing that the Sheriff had immunity under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2--103, 2--205, 4--103 (West 2006)). On January 25, 2008, Aramark moved to dismiss the amended complaint under section 2--615 of the Code (735 ILCS 5/2--615 (West 2006)).

On May 14, 2008, the trial court granted each defendant's motion to dismiss. With respect to the Sheriff's claim that he had immunity, the court stated:

"[T]o the extent that the plaintiffs' Complaint can be construed to allege state common law or statutory claims, the defendant Kane County Sheriff is absolutely immunized from liability therefrom."

With respect to whether the complaint otherwise stated a cause of action, the court stated:

"A reading of plaintiffs' Complaint does not enable the Court to ascertain the underlying legal basis(es) therefore [sic]. The Complaint lacks factual specificity as to the claimed wrongful acts of the defendants and fails to allege how such acts have proximately caused injuries to the plaintiffs. Thus, the Complaint does not state a cause of action upon

which relief may be granted. However, plaintiffs' responses to defendants' motions allude to the existence of facts which, if properly plead, may state a cognizable claim."
Thus, the court dismissed the amended complaint without prejudice.

On June 25, 2008, plaintiff (and one other inmate) filed an amended complaint against the Sheriff and Aramark, and they named the Kane County Board as an additional defendant.

On July 23, 2008, the Sheriff[1] moved to dismiss the amended complaint under section 2--619(a)(9) of the Code (735 ILCS 5/2--619(a)(9) (West 2006)), again arguing that the Sheriff had immunity under the Tort Immunity Act.

On August 14, 2008, the Kane County Board moved to dismiss the amended complaint under section 2--619(a)(9), arguing (1) that it was not named in plaintiff's original complaint and that plaintiff had not been granted leave to add parties to the suit; and (2) that because the Kane County Board is not in an employment relationship with the Sheriff, it cannot be held vicariously liable for the Sheriff's actions.

On August 26, 2008, plaintiff moved to withdraw the amended complaint against the Sheriff and for leave to file an amended complaint against the County of Kane and Aramark. The amended complaint was filed on August 26, 2008. Other than naming Aramark in the caption, the complaint did not allege any act by Aramark as a basis for plaintiff's purported claim.

On September 12, 2008, Aramark moved to dismiss the amended complaint under section 2--615 of the Code (735 ILCS 5/2--615 (West 2006)), arguing, in part, that plaintiff failed to allege that he suffered any injury. Also, on that date, the County of Kane moved to dismiss the amended complaint under section 2--619(a)(9),[1] arguing (1) that it was not named in plaintiff's original

_____

[1]In their motions to dismiss, the County of Kane and the Kane County Board referred to

complaint and that plaintiff had not been granted leave to add parties to the suit; and (2) that because Kane County is not in an employment relationship with the Sheriff, it cannot be held vicariously liable for the Sheriff's actions.

On December 10, 2008, the court granted: (1) the Sheriff's motion to dismiss; (2) the Kane County Board's motion to dismiss; (3) the County of Kane's motion to dismiss; and (4) Aramark's motion to dismiss. The court dismissed the case with prejudice. Plaintiff timely appealed.

ANALYSIS

Plaintiff first argues that the court erred in granting the Sheriff's motion to dismiss based on its finding of immunity because, according to plaintiff, state immunity rules do not apply to actions brought under section 1983 of the Civil Rights Act of 1964 (42 U.S.C. §1983 (2000)) in state courts. While it may be true that the Sheriff does not have immunity from any alleged section 1983 claim (see Anderson v. Village of Forest Park, 238 Ill. App. 3d 83, 92 (1992) (holding that the Tort Immunity

---

section 2--615. However, the argument they proffered for dismissal was appropriate under section 2--619(a)(9), which states "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/619(a)(9) (West 2006)). This error is, however, harmless. See Indesco Products, Inc. v. Novak, 316 Ill. App. 3d 53, 55-56 (2000) ("Although a 'hybrid' motion to dismiss is improper, we will review a dismissal under such a motion if doing so will serve the interests of judicial economy and if the nonmoving party will not be prejudiced. [Citations.] *** [Defendants] repeat that argument [which they brought originally in the trial court] on appeal. Therefore, [plaintiffs] will suffer no prejudice if we determine whether their complaint was properly dismissed").

Act does not apply to section 1983 claims because of the supremacy clause of the United States Constitution)), the court correctly concluded that, to the extent plaintiff's complaint sounds in tort, the Tort Immunity Act grants the Sheriff absolute immunity. See 745 ILCS 10/2--201, 4--103 (West 2006). We will address the Sheriff's liability under section 1983 below.

Plaintiff also argues that the court erred in granting judgment for the County of Kane. Relying on Holda v. County of Kane, 88 Ill. App. 3d 522, 532 (1980), plaintiff argues that the county may be held liable on a vicarious liability theory for the negligence of the Sheriff. We disagree. In Moy v. County of Cook, 159 Ill. 2d 519, 531 (1994), our supreme court rejected the holding in Holda and instead concluded that because a sheriff is a county officer and not in an employment relationship with the county, the county may not be held vicariously liable for the sheriff's alleged negligent conduct. Accordingly, the court's dismissal of the complaint against the County of Kane on this basis was proper.

Lastly, plaintiff argues that the court erred in granting Aramark's motion to dismiss the complaint for failure to state a cause of action. A section 2--615 motion presents the question whether a complaint's allegations, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. The motion should be granted only if no set of facts could be proved that would entitle the plaintiff to recover. Our review of a dismissal under section 2--615 is de novo. Indesco Products, Inc. v. Novak, 316 Ill. App. 3d 53, 56 (2000).

To the extent we read plaintiff's complaint to purport to state a section 1983 claim, we find that the complaint was properly dismissed for failure to state a cause of action against any and all defendants. Section 1983 protects citizens' constitutional rights, privileges, and immunities from being infringed by state actors. 42 U.S.C. §1983 (2000). Therefore, to establish a section 1983

cause of action, the plaintiff must show that (1) a person acting under color of state law committed the conduct complained of and (2) such conduct deprived him of rights, privileges, or immunities secured by the constitution or the laws of the United States. New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1479 (7th Cir. 1990).

It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the eighth amendment's proscription against cruel and unusual punishment. Helling v. McKinney, 509 U.S. 25, 31, 125 L. Ed. 2d 22, 30, 113 S. Ct. 2475, 2480 (1993). To establish "that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993), quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). The first showing requires the court to determine whether the deprivation of the basic human need was objectively "sufficiently serious," and the second requires it to determine whether subjectively "the officials act[ed] with a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298, 115 L. Ed. 2d 271, 279, 111 S. Ct. 2321, 2324 (1991). "[A] prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment." White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993), quoting Strickler, 989 F.2d at 1381.

An inmate must be provided with " 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.' " French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), quoting Ramos v. Lawn, 639 F.2d 559, 570-71 (10th Cir. 1980). Presumably, plaintiff's eighth amendment claim is that he was served food on cracked and broken trays that presented an immediate danger to his health

and well being.  However, to adequately state that claim, he must allege that he suffered "serious or significant physical or mental injury."  <u>White</u>, 1 F.3d at 269.  Plaintiff has not alleged any injury at all.  Accordingly, the complaint was properly dismissed for failure to state a cause of action.

CONCLUSION

Based on the foregoing, we affirm the dismissal with prejudice of plaintiff's amended complaint.

Affirmed.

BURKE and SCHOSTOK, JJ., concur.