**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2219**

QUANCIDINE HINSON-GRIBBLE,

Plaintiff - Appellant,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; SURVIVORS OUTREACH SERVICES,

Defendants - Appellees,

and

KATHERINE ARCHULETA, Former Director; DONNA SEYMOUR, Chief Information Officer; ARMY COMMUNITY SERVICES; CHARLOTTE WATSON; AMY MELENDEZ; JOANIE L. HAMMONS; DAVID E. MCDERMOTT, Deputy Director, Operations; JIM SZATKOWSKI, Congressional Team Lead; CYNTHIA VIRRUETA, Beneficiary Services Branch; JOHN W. ELLERBE, DA Project Manager; JIM KLEMOWSKI; ETHEL KNOCK, ID Card Supervisor; JEFFREY M. SANBORN, Colonel; KAY HAGAN, Senator,

Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:16-cv-00070-FL)

Submitted:  March 22, 2019                    Decided:  April 11, 2019

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

―――――――――

Quancidine Hinson-Gribble, Appellant Pro Se.  Roberto Francisco Ramirez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee United States Office of Personnel Management.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quancidine Hinson-Gribble appeals the district court's order dismissing her civil action without prejudice for insufficient service of process.* Finding no reversible error, we affirm.

We review for abuse of discretion a district court's dismissal of an action for insufficient service of process. *See Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 708 (4th Cir. 1993). Here, the district court correctly concluded that neither the United States Attorney's Office for the Eastern District of North Carolina nor the United States Attorney General were properly served, as required to effect service on any of the federal agencies and officers Hinson-Gribble named as defendants. *See* Fed. R. Civ. P. 4(i). Hinson-Gribble's in forma pauperis status and reliance on the United States Marshals Service to complete service do not excuse this deficiency, as Hinson-Gribble failed to take any steps to remedy the service defect even after the district court notified her of the appropriate steps for perfecting service and provided her with additional time to comply. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *cf. Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2004) (holding that lack of compliance with Rule 4(i) did not justify dismissal where district court's orders did not provide "specific instructions to

---

* Although Hinson-Gribble questions a reference in the district court's judgment to a "show cause" order, the court clearly based its dismissal on Hinson-Gribble's failure to adequately serve Defendants and provide timely proof of such service, as the court had directed her to do in its August 22, 2018, order. Hinson-Gribble's district court filings also belie her contention that she did not receive the August 22 order ruling on her motions for default judgment and Defendants' motion to dismiss.

Plaintiffs as to how to correct the defects in their service," and plaintiffs made good faith attempt to comply with rule and court orders regarding proper service). We therefore discern no abuse of discretion in the district court's dismissal of the action without prejudice for insufficient service.

Hinson-Gribble also contests the district court's denial of her motions for default judgment. Contrary to Hinson-Gribble's assertion, Defendants' time to file a motion to dismiss for insufficient service did not begin to run until after the district court completed its frivolity review in September 2017. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010). And because a court cannot enter default judgment against a defendant on whom valid process was not served, *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), we conclude the district court did not abuse its discretion in declining to enter default judgments in this case, *see White v. Gregory*, 1 F.3d 267, 270 (4th Cir. 1993) (standard of review).

Finally, Hinson-Gribble argues that the district court should have recused itself. To the extent this issue is properly before us, *see Pornomo v. United States*, 814 F.3d 681, 686 (4th Cir. 2016) (declining to review issues raised for first time on appeal), our review of the record reveals no colorable grounds for recusal, sua sponte or otherwise, *see* 28 U.S.C. § 455(a), (b) (2012); *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4