### In re CHARLESBANK LAUNDRY CO., Debtor.

### Bankruptcy No. 81–2230–JG.

United States Bankruptcy Court, D. Massachusetts.

Oct. 13, 1983.

John F. Desmond, Boston, Mass., trustee.

Stuart DeBard, Boston, Mass., for objecting creditor.

## MEMORANDUM ON SALE OF REAL ESTATE

JAMES N. GABRIEL, Bankruptcy Judge.

The Chapter 11 Trustee filed a Notice of Intended Sale of the real estate known as 143, 145–147, 153, 155–157, 159 Putnam Ave., a/k/a 12–14–16, 20–22–24–26 Elmer Street, Cambridge, Massachusetts. Although the Notice provided that the sales price was $210,000, the Trustee and the purchaser subsequently revised the purchase price to $220,500. As part of the same transaction, the purchaser intends to buy a contiguous parcel known as 149–151 Putnam Ave. for $77,500 from the Winn Realty Trust, which is owned by the principal of the debtor. A creditor, Shepard Spunt, filed an Objection to the sale, asserting, among other things, that the sales price for the estate's property was inadequate because the allocation of $77,500 to the Winn Trust property was excessive.

The Court held an evidentiary hearing on August 24, 1983 and on September 30, 1983, at which time I disposed of the objections with the exception of the allocation issue. The question presented is whether the Court should allow the sale with the allocation of $220,500 to the estate and $77,500 to the principal. In order to determine this question, it is necessary to determine the fair market value of the Winn parcel which is a six unit three-decker brick building with two commercial units and four residential apartments.

The objecting party's appraiser, Philip Waterman, testified that the fair market value of the Winn parcel is $36,000. He used solely the income approach to appraisal, having rejected the market data approach and the replacement cost approach as irrelevant. He calculated this based on a net income of $4849, and using a capitalization rate of 13.5%. Waterman's net income figure did not include $14,000 per year in net income for the rental of the two stores on the first floor, because commercial use is not a legal use in this zone. He did not consider rental of the units as residences either.

Charles Laverty, the appraiser for the Chapter 11 Trustee, gave an opinion that the property has a fair market value of $88,000, based on an average of the values using the market data approach and the income approach. The market data approach resulted in a value of $90,000, having compared nine recent sales of properties on Cambridge Street, Cambridge, Massachusetts. These sold for between $1.60 and $1.90 per cubic foot. None of the comparable sales were on Putnam Avenue. Mr. Laverty adjusted the comparability of each sale for size and condition because none of the properties was exactly like the subject property. Using the income approach the appraiser stated the value as $86,000, based on a net income of $10,646 and a capitalization rate of 12.41%. Cross-examination revealed that the net income is actually lower because maximum rents allowed by the Rent Control Board are not being collected due to the condition of the building. It was also disclosed that the subject building is dependent on the estate property for utilities.

I am unable to accept the validity of either appraiser's opinion of fair market value. Waterman did not even consider the value of other real estate in the vicinity, which is a more reliable indicator of value than the income approach. Moreover, even assuming his sole use of the income approach was proper, his failure to consider the rental of the two first floor units rendered his income figure too low and thus inaccurate.

On the other hand, Laverty's appraisal is flawed in several respects. None of the alleged comparable sales are on the same street as the subject property, but are all on Cambridge Street which he admitted is a more favorable location because of its closer proximity to Harvard Square. Moreover,

all of the buildings analyzed in comparison are in better condition than the subject property, which I find is in poor condition.

Laverty's income evaluation results in an overvaluation of the property because the rental figures he included are not the current rents charged, but are maximum allowable rents. His calculation further presumes a $50,000 renovation by a potential first floor tenant which is pure speculation.

■ Based upon the conflicting evidence, I find that a more reasonable valuation of the subject property is in the range of of $70,000 to $80,000.

■ A sale of all assets in Chapter 11 is appropriate if the provisions of 11 U.S.C. Section 363 are followed, the bid is fair and reasonable and the sale is in the best interests of the estate and creditors. *In Re WHET, Inc.* 12 B.R. 743 (Bkrtcy.D.Mass. 1981). I am convinced that the Trustee is receiving an adequate price for the estate's parcel, and that the benefit to the estate is not being decreased by the payment of $77,-500 to the Winn Trustee.

Moreover, the offer to purchase the contiguous parcel from Winn for $77,500, was appended as Exhibit I to the Trustee's Notice of Intended Sale, which was noticed out to all creditors of the debtor with an opportunity for counter-offers. No counter-offers were received, and this is the sole offer received by the Trustee.

Accordingly, the objection to the sale is overruled and the sale is hereby authorized.