In the Matter of PHOENIX STEEL CORPORATION, Debtor.

Bankruptcy No. 87–147.

United States Bankruptcy Court, D. Delaware.

Dec. 31, 1987.

James L. Patton, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, Del., for debtor.

Lynne Gerber–Saionz, Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for Committee of Employees and Retirees.

James Peck, Duane, Morris & Heckscher, Philadelphia, Pa., for Unsecured Creditors Committee.

Eduard F. von Wettberg, III, Morris, James, Hitchens & Williams, Wilmington, Del., for Wai Hing and Co.

BENCH DECISION FOLLOWING DECEMBER 31, 1987 HEARING ON AN APPLICATION FOR APPROVAL OF A § 363 SALE

HELEN S. BALICK, Bankruptcy Judge.

I am aware of the hour and of the need for all interested parties to meet elsewhere to continue whatever it is that needs to be done with respect to the Chang offer. Be that as it may, I am being asked to make a decision which must be a decision of record on the application for the sale of the equipment to Lukens which was noticed for hearing to begin several weeks ago and is continued through to today. I am in somewhat of a difficult situation because then I will be required to indicate an either/or order at sometime today somewhere, and I am not sure how that will be accomplished, but it will be arranged with counsel at the conclusion of this hearing.

I must go through the standards and make a record of what I have heard in hearing with respect to whether the Lukens' offer is one that should be accepted. You will hear me repeat what you already know and I hope you bear with me.

The notice of proposed sale to Lukens provided that higher and better offers could be submitted by December 21. Phoenix reserved the right to solicit further bidding from bidders making purported higher and better offers and Lukens during the morning of December 22. A hearing to determine whether the noticed sale to Lukens or a sale to a higher and better offeror should be approved commenced December 22.

Within the time frame stated in the notice, a purported higher and better offer was received from Mr. Chang. At the request of all interested parties, a continuance was granted to December 30 for the purpose of evaluating the Chang offer. On December 30, the court was informed that negotiations had not reached the stage where the Chang offer could be properly evaluated and reqeusted that the hearing go forward so there could be a determination whether the Lukens offer, which expires today, should be approved absent a true higher and better offer.

At the conclusion of testimony and over objection by Lukens' counsel, the court granted the request of counsel and all other interested parties to delay entering its decision until this morning. We delayed starting the hearing this morning in the hope of learning whether the potential higher and better offer that we have been hearing about is firm and a better offer. We do not have a definite answer at this time. However, whether there is or is not another offer, the issues raised by the proposed Lukens' sale must be decided today.

The objections to the proposed sale to Lukens characterized by Phoenix' counsel as "show me" objections dissolved in part from committee participation in conference sessions and in part from testimony received at hearing on the sale of the Phoenixville plant and the present hearing. Joy Manufacturing's objection is moot inasmuch as it has no interest in the property involved to the proposed sale.

Despite the more or less withdrawal of the "show me" objections, the record should reflect satisfaction of the elements necessary for approval of a title 11, § 363 sale in a Chapter 11 case. Those elements are that the proposed sale is fair and eq-

uitable, that there is a good business reason for completing the sale and the transaction is in good faith.

 The testimony has shown that during the past year there has been extensive media coverage advertising the plant for sale as a going business. Only two offers were received. The first in the summer of '87 from Mr. Sirlin contingent upon financing which he was unable to obtain and the Chang offer. Lukens' original letter of intent was only to operate the melt shop. This offer was changed to the present one of an equipment sale for $6.6 million plus cost of removal.

Up until the time of the notice of proposed sale to Lukens, it was the only offer for purchase of equipment. However, Phoenix received from four steel equipment dealers informal ballpark figures of 1 to 2 million dollars to buy and store the equipment for sale. These figures support a $6.6 million sale figure in that a dealer making a 1 to 2 million dollar offer would have to take into consideration the cost of dismantling, moving and storing the equipment pending any recovery of its investment let alone a possible profit.

The testimony further shows there is no relationship between the buyer and seller, their principals or their employees. Consequently, the proposed sale is what we call an "arms-length" transaction.

This offer expires today. Consequently, unless there is in existence on or before 5:00 p.m. today what amounts to an almost guarantee from the Chang group that will not only compensate Phoenix for any loss incurred through loss of the equipment sale to Lukens but represents something better than the Lukens' offer, the evidence supports my conclusion that there is a good business reason to approve the sale to Lukens at $6.6 million plus cost of removal. That amount represents a fair and equitable offer made in good faith.

However, in the event the Chang assurance as outlined materializes before expiration of Lukens' offer, then the application for sale to Lukens will be dismissed.