## In re LANDSCAPE PROPERTIES, INC.

### Bankruptcy No. LR 88–908 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 31, 1988.

---

C. Richard Crockett, Little Rock, Ark., for debtor.

Richard Ramsay, Pine Bluff, Ark., trustee.

David Grace, Esq., Little Rock, Ark., for Wingfield Martin.

Richard Taylor, Little Rock, Ark., for First Pyramid Life Ins.

Geoffrey Treece, Little Rock, Ark., for Joe Wisenhunt.

Eugene Fitzhugh, Little Rock, Ark., for Callie Henigan.

Charles Davidson, Little Rock, Ark., for Robert Vogel.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court for review is Trustee's Proposed Sale of Real Property owned by the Chapter 7 debtor corporation. Two objections were filed. One Objection to the Private Sale filed by the debtor, however, was withdrawn as satisfied. The second Objection to Proposed Sale was filed by R. Wingfield Martin. A subsequent Amended Objection was also filed. These matters came before the Court for hearing October 27, 1988. The debtor appeared by counsel, C. Richard Crockett, Esq. The Trustee appeared *pro se.* R. Wingfield Martin appeared by counsel, David Grace, Esq. The following parties also entered appearances by counsel at the hearing in this matter: Richard Taylor, Esq. for First Pyramid Life Insurance; Geoffrey Treece, Esq. for Joe Wisenhunt; Eugene Fitzhugh, Esq. for Callie Henigan; and, Charles Darwin Davidson, Esq. for Robert Vogel, the purchaser under the Trustee's proposed sale now before the Court.

During the hearing the Trustee announced that terms of the proposed sale, evidenced by an attachment to his Notice in this matter, would be amended to remove certain conditions, specifically the financing condition and the feasibility study condition. Additionally, the Trustee announced that the seven percent (7%) real estate commission provided for in the proposed sale would be waived.

The objection filed by Mr. Martin was to the effect that a higher offer had been presented to the Trustee. Although the two offers were for the same purchase price of $1,200,000.00, he contended that the second offer submitted to the Trustee was the higher and the better one because it was not encumbered with any conditions and the net amount to the estate would not be reduced by the $84,000.00 real estate commission. The Trustee noted that since the conditions had been removed and the commission waived, the two offers for $1,200,000.00 were essentially identical but that he felt that the first offer and the one he was proposing to the Court was the best offer. Trustee offered no evidence other than his own comments.

Testimony and evidence presented at the hearing by the objector revealed that the two offers were essentially identical in wording. The second offer, however, did not contain certain limiting conditions or the provision for the seven percent (7%) real estate commission, all subsequently orally amended out of the first offer. At the hearing, however, an additional amendment to the second offer was presented by the agent for the purchaser raising the offer on the subject property to $1,225,000.00.

The Court found at the close of the hearing that the Trustee's sale for the lower amount could not be approved. The Court took into account the following in holding that the Trustee's sale could not be approved because there was a higher offer for the estate property.

Section 363(b) of Title 11 provides, in pertinent part, that "the trustee, after notice and a hearing, may sell, other than in the ordinary course of business, property of the estate." In enacting the Bankruptcy Code, Congress expressed its specific intent that judges of the United States Bankruptcy Court should not participate in the administration of bankruptcy estates. *In re NEPSCO, Inc.,* 36 B.R. 25 (Bkrtcy.D. Me.1983). The intent of Congress is clearly set out in the legislative history of the Bankruptcy Code. H.R.No. 595, 95th Cong. 1st Sess.; pp. 3–4, 99–115 U.S.Code Cong. & Admin.News 1978 p. 5787. At page 113, that House Report points out that as early as 1792, in *United States v. Ferreira,* 54 U.S. (13 Howard) 40, 14 L.Ed. 42, the Supreme Court enunciated the principle that courts of the United States may not be invested with administrative functions— they may only decide cases or controversies. In abolishing the system of referees in bankruptcy and then creating the bankruptcy court system, Congress also created an expanded trustee's system. The trustee is invested with administrative powers formally the province of the referees in bankruptcy.

In the instant case a competing bid for the debtor's property was presented to the Court as support for a request that the Trustee's proposed sale be disallowed. The Court believes that it cannot choose between two competing bidders because to do so would be to undertake a congressionally prohibited administrative function. Such an action is beyond the jurisdictional mandate of Congress to bankruptcy courts and judges and may be subject to reversal on appellate review. *In re Russo,* 762 F.2d 239 (2nd Cir.1985). In deciding whether to approve a purchase offer or in choosing which is the better offer when competing offers have been made, courts generally consider factors in addition to a higher

dollar amount. It has been held, however, that in a liquidation case it is "legally essential" to approve the highest offer, although this statement assumes that the offers and offerors are in all other respects comparable. *In re Flannery,* 11 B.R. 974, 977 (Bkrtcy.E.D.Penn.1981).

The Court then can do no more than disapprove the Trustee's proposed sale if it believes that there is a higher offer and better offer for the estate's assets. The quandary in which this estate now finds itself is not one of its own making but rather the creation of two competing interests. It is clear that the Court has no authority to designate a buyer from among several competing interests. There is a strong policy favoring competitive bidding and finality to sales in bankruptcy proceedings. *In re Dartmouth Audio, Inc.,* 42 B.R. 871 (Bkrtcy.D.N.H.1984). It may be that the only avenue available to the Trustee which would accommodate all the concerns and which will accord the fullest possible measure of fairness and finality is by way of a public auction. *Matter of Ohio Corrugating Co.,* 59 B.R. 11 (Bkrtcy.N.D. Ohio 1985).

Although both of the competing offers to the Trustee are denominated "real estate contract" there simply is no contract without bankruptcy court approval. Both "contracts" do note that no sale would be final without the bankruptcy court's approval. Additionally, the Court would note that although potential purchasers may object to the Trustee's shopping a private offer of sale around in an effort to obtain a higher offer on the same terms, this natural desire of a potential purchaser clearly conflicts with the fact that interested parties in bankruptcy proceedings are entitled to full disclosure of the proposed terms of sale and agreements and should not be denied access. Therefore, the very situation that occurred at the hearing on this matter is not unusual and is one of the possibilities that could occur in the case of a private sale of assets of the estate. Interested parties simply can see that a particular asset will be sold for a sum certain. They or someone they know may be willing to

448

pay more money on the same terms. An objection to a sale based simply on the fact that there is a higher offer is a valid objection to sale and one the Court believes it must sustain under certain circumstances. *In re Flannery*, 11 B.R. 974, 977 (Bkrtcy. E.D.Penn.1981).

The Court for the following reason, however, has decided to reconsider its decision to disapprove the sale to Mr. Vogel. During the proceedings the Court did not recognize the attorney for the potential purchaser under the Trustee's proposed sale as representing a party-in-interest to the proceedings. The Trustee declined to permit the purchaser's attorney to present the purchaser's case for him. Even though the Court recognizes that the Trustee may decline this assistance, it does feel that it would be more equitable to allow the purchaser to establish at the hearing its own offer in addition to its business and financial ability to perform pursuant to that offer. Although Mr. Vogel is obviously not making the highest offer on the property, it may be the better offer for reasons wholly undisclosed to the Court at the time of the hearing. The Court finds that its earlier ruling from the bench should be set aside and the hearing on the proposed sale continued for the purposes hereinabove set out.

Accordingly, it is hereby

ORDERED that a hearing be held on November 4, 1988 at 1:30 p.m. at the U.S. Post Office and Courthouse, 600 W. Capitol, Little Rock, Arkansas for the purpose of permitting the purchaser under the Trustee's pending proposed sale to present its case with regard to the $1,200,000.00 offer it has made to the Trustee for assets of the bankruptcy estate.

IT IS SO ORDERED.