A separate Order will be entered contemporaneously with this Memorandum Opinion.

**In re DIPLOMAT CONSTRUCTION, INC., Debtor.**

**No. 09–68613–MGD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Sept. 18, 2012.

court, however, not this Court, has jurisdiction to decide that question.

J. Robert Williamson, Laura E. Woodson, Scroggins and Williamson, James R. Sacca, John D. Elrod, Greenberg Traurig, LLP, James R. Schulz, Merritt Watson, LLP, Atlanta, GA, Joseph H. Turner, Norcross, GA, for Debtor.

Paul H. Anderson, Jr., Atlanta, GA, Trustee.

Vivieon E. Kelley, Office of the U.S. Trustee, Atlanta, GA.

*ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE AND ASSIGNMENT OF THE DEBTOR'S AND THE ESTATES'S RIGHTS IN RESTATED AND CONSOLIDATED GROUND LEASE WITH CITY OF ATLANTA TO KHUSHAL HOSPITALITY, LLP*

MARY GRACE DIEHL, Bankruptcy Judge.

The Chapter 7 Trustee ("Trustee") seeks court approval of the sale and assignment the Debtor's and the Estate's interest in an unexpired ground lease with the City of Atlanta ("City") to Khushal Hospitality, LLP ("Khushal") under 11 U.S.C. § 363(b) and (f). The proposed sale and assignment is limited to two of the four parcels governed by the ground lease. For the reasons set forth below, the Trustee's sale and assignment motion is approved.

## I. Procedural Posture

The Trustee's motion to sell and assign was filed April 24, 2012 (Docket No. 298) and set for hearing on May 24, 2012 (Docket No. 299). Originally, the proposed sale was to Khushal for $22,500.00. (Docket No. 305). On May 24, 2012, the Trustee rescheduled the hearing on the sale motion to assess all potential offers on the estate's interest in the ground lease and to address the written response filed by Ruby Tuesday, Inc. ("Ruby Tuesday").

The substance of the Ruby Tuesday response was based on the Debtor's failure to execute the court approved settlement, which allowed for Ruby Tuesday's continued use of the parking lot governed by the ground lease ("parking amendment"). Ruby Tuesday's response additionally noted that it would not be adequately protected with continued parking use of the parcels at issue by the proposed sale. (Docket No. 302).

Three months later, at the August 23, 2012 hearing, the Trustee again proposed a sale and assignment of the ground lease to Khushal for $22,500.00. City of Atlanta and Ruby Tuesday supported the proposed sale and assignment. Additionally, State Bank of Texas, holding a security interest in the ground lease (by way of a recorded Collateral Assignment to Secure Debt), consented to the sale and assignment to

Khushal, allowing Trustee to sell free and clear of liens under § 363(f)(2).

Two additional parties, including World Debt Acquisitions, LLC ("World Debt"), made higher offers on the estate's interest in the ground lease at the hearing. The offers were cash offers with no contingencies—"as is, where is." World Debt's final offer was in the amount of $125,000.00 and was the highest offer. The World Debt offer did not include any agreement with the City, Ruby Tuesday, or State Bank of Texas. The Trustee announced at the close of the hearing, that he now sought approval to sell and assign the ground lease to World Debt on its contingency-free, cash offer of $125,000.00. Trustee's announcement included that World Debt would deposit the $125,000.00 into the Trustee's escrow account by the close of business on August 28, 2012. The hearing was continued to August 31, 2012 to allow the Trustee to prepare and present evidence that the World Debt offer represented the highest and best offer and to allow World Debt to perform on its offer.

At the August 30, 2012 hearing, the Trustee's proposed sale and assignment was again to Khushal, but at a higher price of $55,000.00. The Court heard testimony from the Trustee. The Trustee was subject to cross-examination and Trustee's Exhibit 1 and Ruby Tuesday's Exhibits 1 through 3 were admitted into evidence without objection.

Limited objections filed by Ruby Tuesday and City of Atlanta were withdrawn at the hearing based on the Trustee's proposed sale and assignment to Khushal. State Bank of Texas also consented to the sale, including waiving its security interest in the ground lease to allow for the sale to be free and clear of liens under § 363(f)(2).

Present at the hearing were James Schulz of Merritt Watson, LLP as special counsel to the Trustee, Eric Smith of Schnader, Harrison, Segal & Lewis, LLP representing the City, Ron Quigley of Davis Matthews & Quigley, P.C. representing Ruby Tuesday, and Joshua Lewis of Parker, Hudson, Rainer & Dobbs LLP for State Bank of Texas.

Frank Wilensky of Macy, Wilensky, Kessler & Hennings, LLC also appeared at the hearing. Originally, Mr. Wilensky appeared on behalf of an unsuccessful competing bidder from the prior hearing. At the hearing, the court ruled that unsuccessful bidders were not parties in interest to the Trustee's motion and lacked standing to oppose the Trustee's motion. *In re Gulf States Steel, Inc. of Alabama*, 285 B.R. 739, 742 (Bankr.N.D.Ala.2002) (citing *Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 273 (2d Cir.1997) (recognizing that, although not an absolute rule, "an unsuccessful bidder ... usually lacks standing to challenge a bankruptcy court's approval of a sale transaction."); *In re Broadmoor Place Investments, L.P.*, 994 F.2d 744, 746 n. 2 (10th Cir.1993), *cert. denied*, 510 U.S. 1071, 114 S.Ct. 877, 127 L.Ed.2d 73 (1994); *In re Harwald Co.*, 497 F.2d 443, 444–45 (7th Cir.1974); *In re Crescent Mfg. Co.*, 122 B.R. 979, 981 (Bankr.N.D.Ohio 1990); and *In re Karpe*, 84 B.R. 926, 928–29 (Bankr.M.D.Pa.1988)).

Mr. Wilensky later asserted that he represented R.C. Patel, the former principal of Diplomat Construction, Inc. and personal guarantor on the Debtor's note with State Bank of Texas. Since State Bank of Texas confirmed the foreclosure sale and asserts a deficiency claim in excess of $5 million, Mr. Patel's pecuniary interest is at stake with the sale. Mr. Wilensky had the opportunity to cross-examine the Trustee. On request, Mr. Wilensky also was permitted to make a proffer on behalf of World Debt, as to what its revised competing

offer for the estate's interest in the unexpired ground lease would be.

At the close of the hearing, the Court made its ruling from the bench and approved Trustee's motion to sell and assign the unexpired ground lease with City of Atlanta to Khushal, with Khushal assuming the obligations under the ground lease. This Order memorializes the oral ruling.

Jurisdiction over this action is set forth in 28 U.S.C. §§ 157(b) and 1334(b). The matter is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper.

## II. Case History

Debtor filed a chapter 11 voluntary petition in April 2009. Debtor owned and operated a 192–room hotel known as the Red Roof Inn–Atlanta Airport located near Hartsfield–Jackson Atlanta International Airport. Debtor leased the tract of real property from the City under a long-term lease. An Order approving Debtor's assumption of the ground lease was entered October 2009. (Docket No. 133). The lease and the assumption encompassed all four parcels of the property. The assumption order also included Debtor's assumption of the ground lease, as amended by the parking amendment affecting Ruby Tuesday, and was subject to the continued perfection of State Bank of Texas' security interest in the ground lease and any amendments thereto.

State Bank of Texas, as secured creditor of the chapter 11 Debtor, obtained relief from stay in September 2009 (Docket Nos. 104 & 106), and foreclosed on certain leased parcels (2 of the 4 parcels) of the property with Khushal later purchasing two parcels that it now operates a hotel with some parking. State Bank of Texas' consent to a sale is limited to a sale with Khushal as the approved purchaser, and State Bank of Texas asserts a deficiency claim in excess of $5 million.

## III. Discussion

■ Section 363(b) governs the Trustee's motion to sell the estate's interest in the unexpired ground lease with City of Atlanta. Section 363(b)(1) provides, in relevant part, that "the trustee ... may use, sell, or lease, other than in the ordinary course business, property of the estate." § 363(b)(1). The business judgment test is the prevailing rubric to evaluate the proposed transaction under § 363(b)(1), although it has been articulated in a variety of ways. *See, e.g., In re Schipper*, 933 F.2d 513, 515 (7th Cir.1991) (stating that sales are an exercise of a fiduciary duty that requires an "articulated business justification").[1]

■ The Second Circuit established the leading authority for approving a sale in *Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F.2d 1063 (2d Cir.1983). In *Lionel*, the Second Circuit held the proper standard to use when considering a proposed motion to sell is the business judgment test. It is this standard which has been adopted by the vast majority of courts. *In re Global Crossing Ltd.*, 295 B.R. 726, 742–43 (Bankr.S.D.N.Y.2003); *see also, U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 269 B.R. 139 (D.Md.2001) ("The standard to be applied by a court in

1. *See also In re Chung King, Inc.*, 753 F.2d 547, 549 (7th Cir.1985) (opining that the sale must result in the estate obtaining the best price possible under the circumstances); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D.Mo.1988); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (Bankr.D.Del.1987) (holding that the transaction must be "fair and equitable" and in "good faith"); *In re Charlesbank Laundry Co.*, 37 B.R. 20, 22 (Bankr. D.Mass.1983) (stating that the sale must be "in the best interests of the estate and creditors").

determining whether or not to approve the disposition of property is whether the Trustee exercised sound business judgment."). Under this standard, the Trustee has the burden to establish sound business reasons for the terms of the proposed sale. *Id.* The Trustee is responsible for the administration of the estate and his judgment on the sale and the procedure for the sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met. *In re Bakalis,* 220 B.R. 525, 531–32 (Bankr. E.D.N.Y.1998).

■ The evidence presented by the Trustee supports a determination that the proposed sale and assignment of the unexpired ground lease to Khushal for $55,000.00 satisfies the business judgment standard. The Trustee adequately presented his rationale and considerations in determining that the Khushal offer represented the highest and best offer for the estate. The highest bid does not always equate to the best bid for the estate. *In re Gulf States Steel, Inc. of Alabama,* 285 B.R. 497, 517 (Bankr.N.D.Ala.2002) ("The First Circuit, as does this Court, acknowledged that the 'highest bid is not always the best bid.'") (quoting *In re Gil–Bern Industries, Inc.,* 526 F.2d 627, 629 (1st Cir.1975)).

Here, the Trustee noted that State Bank of Texas's consent was needed to sell the estate's interest in the ground lease free and clear of its lien. The Trustee testified that he and his counsel looked at the State Bank of Texas's recorded Collateral Assignment to Secure Debt and saw no vulnerabilities nor deficiencies. State Bank of Texas was only willing to consent to a sale free and clear with Khushal as purchaser. Based on the State Bank of Texas's deficiency claim, World Debt's higher bid subject to State Bank of Texas's lien

would not result in any greater return to creditors of the estate.

On cross-examination, counsel for Mr. R.C. Patel, questioned the extent to which the validity of the State Bank of Texas's lien on the ground lease had been tested. However, no evidence was presented that the lien is defective or otherwise avoidable. Several orders throughout this case have acknowledged the validity of the State Bank of Texas' lien on the ground lease. The Trustee's testimony revealed that he also sought input from the competing bidders for any basis to attack the lien, yet no viable theory was provided in his estimation. Ultimately, the competing bidders, to the extent they have standing, and Mr. R.C. Patel did not oppose the sale. They merely sought a 10–day extension to better assess the validity of State Bank of Texas's lien, yet that was one of the very reasons for the prior rescheduled hearings. Given the length of time Trustee's motion has been filed and the prior resets, a further extension is not warranted. World Debt was served with the May 2012 rescheduled notice of hearing and has not provided a sufficient basis for the Court to interfere with the Trustee's business judgment. Mr. R.C. Patel, as principal of the former chapter 11 Debtor, is well aware of the State Bank of Texas's security interest and has had ample opportunity to attack its validity. At this stage, the request for a continuance is not a sufficient basis for the court to override the business judgment of the Trustee.

The Trustee also testified that the proposed sale and assignment to Khushal was based in part on the assignment requirements of § 365(f)(2)(B). To assign the unexpired ground lease with City of Atlanta, there must be "adequate assurance of future performance" under the lease. § 365(f)(2)(B). The Trustee's testimony, along with the written limited objection

and argument by City, also revealed that the assignment of the ground lease to a separate entity other than Khushal presents potentially insurmountable barriers to meeting the statutory requirements of assignment in § 365(f). Specifically, the City raised potential issues as to whether the estate's assignment of its interest in the ground lease to a party other than Khushal would be permitted under applicable law since such effect would essentially sever the ground lease. § 365(f)(1) (limiting the trustee's ability to assign a lease to assignments that would be allowable under applicable law).

Both the Trustee and City of Atlanta noted that the ground lease was an agreement made with one lessee. The ground lease applies to all four tracts and the obligations under the ground lease are not severable. City of Atlanta represented that the covenants and grants, including zoning regulations and intended use obligations, make performance under the ground lease impossible without the hotel owner, now Khushal, assuming the ground lease. Further, the City, governed by its obligations under federal aviation law and the "grant assurances" in the ground lease, asserts that allocated performance under the ground lease as to certain parcels is an untenable proposition from both practical and legal perspectives. The Trustee testified that he examined the obligations under the ground lease and determined that a sale and assignment with the City's consent presented the best offer to the estate, specifically, minimizing further litigation. Likewise, the resolution of the Ruby Tuesday parking issue with this sale and assignment to Khushal benefits the estate by foreclosing future litigation. Cutting off future litigation with the estate safeguards the sale proceeds for the creditors, instead of potentially diminishing the sale proceeds with professional fees in further litigation.

The Trustee presented that Khushal has demonstrated adequate assurance of future performance by its current performance under the ground lease on the two parcels, including rent payments to the City and cooperation with Ruby Tuesday. Additionally, the City persuasively asserts that a single use and lessee of all four parcels treated by the lease also constitutes an assurance of future performance.

Although a significantly higher bid was made, the Trustee articulated his business justification for declining the higher offer. The Trustee also reported that the World Debt offer was not performed upon, as presented at the August 23, 2012 hearing. The Trustee testified that further conversations with World Debt revealed that the offer was not contingency-free. Further, World Debt did not deposit the $125,000.00 into the Trustee's escrow account, according to the oral terms presented by the Trustee at the August 23, 2012 hearing.

■ Mr. Wilensky, on behalf of R.C. Patel or World Debt, argues that the Trustee should have treated the World Debt offer differently and that a better deal could be struck, in support for a request for continuance. However, it is significant that the Trustee, not the Court or any other interested party, is selling this property. As stated in 11 U.S.C. § 704, one of the duties of the trustee is to collect and reduce to money the property of the estate. *In re Landscape Properties, Inc.,* 100 B.R. 445, 447 (Bankr.E.D.Ark.1988); *In re NEPSCO, Inc.,* 36 B.R. 25 (Bankr. D.Me.1983) (stating that judges should not insert themselves into the administration of the estate). As stated above, the Trustee is afforded great judicial deference in deciding which bid to accept as the best and highest bid. *Bakalis,* 220 B.R. at 532. Even though the discretion is not without limit, the Court should not step in and

assume a role and responsibility properly placed in the hands of the Trustee under these facts.

Here, there is no basis to interfere with the Trustee's business judgment and the proposed sale and assignment to Khushal. The Trustee sufficiently established the sound rationale he used to determine that the sale and assignment of the ground lease to Khushal would best maximize return to the estate. His testimony revealed how he weighed the higher offer from World Debt before rejecting it. Because Khushal's offer is the only offer State Bank of Texas will consent to, allowing the Trustee to sell free and clear of liens, any higher offer subject to the State Bank of Texas's lien on proceeds would realize no net benefit to creditors. Therefore, the offer price is not the only indicator of the highest and best offer.

Additionally, the court is persuaded by the nature of the lease itself and the unusual circumstances of the estate's interest in only the two remaining parcels. With one lease governing the parcels not subject to sale and already leased by Khushal, the Trustee's assessment that the sale and assignment to Khushal is the best offer is persuasive. There was no evidence that the lease was severable and the Trustee's judgment that it can conclude litigation with the City and Ruby Tuesday has value in itself.

Lastly, the request by R.C. Patel and World Debt, to the extent it has standing, for an additional 10 days to assess the potential vulnerability of State Bank of Texas's lien on the ground lease, or to negotiate better terms for the sale and assignment of the ground lease is too little, too late.

The Trustee's assessment of the proposed sale and assignment to Khushal satisfies the Court that his business judgment is sound and justified. The proposed sale and assignment to Khushal provides a cer-

tain return to creditors of the estate, while the higher World Debt offer, at best, would require lengthy litigation to avoid the State Bank of Texas's lien, thereby diminishing the known value to creditors. Additionally, the proposed sale is a global settlement that addresses the Ruby Tuesday parking amendment, which is implicated in the estate's interest in the ground lease. This global settlement ends litigation and provides a sum certain for creditors. Accordingly, for the reasons set forth herein, it is hereby

**ORDERED** that the Trustee's Motion to Sell and Assign the Unexpired Ground Lease with City of Atlanta to Khushal Hospitality, Inc. is hereby **GRANTED** under the terms of the proposed sale agreement.

The Clerk is directed to serve a copy of this Order on the parties on the attached distribution list.

IT IS ORDERED.